IN THE UNITED STATES DISTRICT COURT

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Modellbahn Ott Hobbies, Inc. d/b/a Supreme Hobbies<br><br>Plaintiff,<br><br>**-against-**<br><br>Velcro USA Inc.; American Tombow, Inc.; Rubiks Brand Limited Ltd.; Mattel, Inc.; Koala Tools LLC; Yellow Brand Protection; and IncoPro Limited<br><br>Defendants. | **Complaint for a Civil Case**<br><br>Case No. 20-cv-3526<br><br>Jury Trial Demanded |

<u>**COMPLAINT**</u>

  Plaintiff Modellbahn Ott Hobbies, Inc. d/b/a Supreme Hobbies (hereinafter, *"Plaintiff"*), by and through its attorneys, Rosenbaum Famularo, P.C. for its Complaint against Defendants Velcro USA Inc, American Tombow, Inc., Rubiks Brand Limited Ltd., Mattel, Inc., Koala Tools LLC, Yellow Brand Protection and IncoPro Limited (hereinafter *"Defendants"*), alleges and shows this Honorable Court as follows:

### I.INTRODUCTION

 This lawsuit centers around the Defendant's unsupported and untrue allegations to the online marketplace, Amazon.com, that Plaintiff was engaged in sales of counterfeit products. Plaintiff incurred damages as a result of Amazon's termination of Plaintiff's contract and suspension of Plaintiff's seller account from the Amazon platform. The Amazon report infringement page lacks significant verification and often leads to termination or suspension of selling accounts. Plaintiff's contract with Amazon was terminated as a direct result of Defendant's false counterfeit complaints. Plaintiff never sold counterfeit goods. Defendants intended to destroy

Plaintiff's business reputation and relationship with Amazon by submitting baseless infringement accusations to the Amazon platform.

## II. THE PARTIES

1. Plaintiff is a domestic corporation organized and existing under the laws of Pennsylvania with its principal place of business at 42 E. Philadelphia Ave. (Rt. 73) Boyertown, PA 19512.

2. Upon information and belief, Defendant Velcro USA Inc. is a corporation with its principal headquarters located at 95 Sundial Avenue, Manchester, NH 03103.

3. Upon information and belief, Defendant American Tombow, Inc. is a corporation with its principal headquarters located at 355 Satellite Boulevard NE, Suite 300, Suwanee, GA 30024.

4. Upon information and belief, Defendant Mattel, Inc. is a corporation with its principal headquarters located at 333 CONTINENTAL BLVD. EL SEGUNDO CALIFORNIA 90245.

5. Upon information and belief, Defendant Koala Tools LLC is a corporation with its principal headquarters located at 6120 Pine Tree Drive Miami Beach FLORIDA 33140.

6. Upon information and belief, Defendant Yellow Brand Protection is a corporation with its principal headquarters located at 220 West 42nd Street, 11th Floor, New York, NY, 10036

7. Upon information and belief, Defendant Rubiks Brand Limited Ltd. is a corporation with its principal headquarters located at 7 Lambton Place London UNITED KINGDOM W112SH.

8. Upon information and belief, Defendant IncoPro Limited is a corporation with its principal headquarters located at Suite 120, 1240 Rosecrans Avenue, Manhattan Beach, CA 90266.

## III. JURISDICTION AND VENUE

9. This Court has Jurisdiction pursuant to 28 U.S.C §1332 because there is complete

diversity between all parties and the amount in controversy, as further detailed herein, exceeds $75,000.00, exclusive of interest and costs.

10.  This court also has Jurisdiction of this matter under 28 U.S.C. 1338, as the substantive issues relate directly to intellectual property rights, such as trademark and copyright. As discussed further herein, to properly decide the declaratory judgment count, and the other counts contained herein, this Court must apply federal intellectual property law.

11.  This Court has Jurisdiction over Defendant Velcro USA Inc because Velcro USA Inc conducts substantial business in the Southern District of New York where, directly targets consumers in the United States, including New York, through at least the fully interactive commercial Internet store https://www.Velcro USA Inc.com/. In doing so, Defendant Velcro USA Inc is reaching out to do business with New York residents through its interactive Internet Stores through which New York residents can purchase products.  Defendant Velcro USA Inc derives substantial revenue from and has the requisite minimum contacts with New York and can reasonably anticipate being brought into court in New York.  This Court therefore has personal jurisdiction over Velcro USA Inc.

12.  This Court has Jurisdiction over Defendant American Tombow, Inc. because American Tombow, Inc. conducts substantial business in the Southern District of New York where, directly targets consumers in the United States, including New York, through at least the fully interactive commercial Internet store https://www.American Tombow, Inc.usa.com/. In doing so, Defendant American Tombow, Inc. is reaching out to do business with New York residents through its interactive Internet Stores through which New York residents can purchase products.  Defendant American Tombow, Inc. derives substantial revenue from and has the requisite minimum contacts with New York and can reasonably anticipate being brought into court in New York.

3

This Court therefore has personal jurisdiction over American Tombow, Inc..

13.  This Court has Jurisdiction over Defendant Mattel, Inc. because Mattel, Inc. conducts substantial business in the Southern District of New York where, among other things, maintains interactive websites, and otherwise avails itself of the privilege of doing business in the Southern District of New York.  Specifically, Defendant Mattel, Inc. directly targets consumers in the United States, including New York, through at least the fully interactive commercial Internet store https://www.Mattel, Inc..com/en-us.  In doing so, Defendant Mattel, Inc. is reaching out to do business with New York residents through its interactive Internet Stores through which New York residents can purchase products.  Defendant Mattel, Inc. derives substantial revenue from and has the requisite minimum contacts with New York and can reasonably anticipate being brought into court in New York.  This Court therefore has personal jurisdiction over Mattel, Inc..

14.  This Court has Jurisdiction over Defendant Koala Tools LLC because Koala Tools LLC conducts substantial business in the Southern District of New York where, directly targets consumers in the United States, including New York, through at least the fully interactive commercial Internet store http://www.koalatools.com/. In doing so, Defendant Koala Tools LLC is reaching out to do business with New York residents through its interactive Internet Stores through which New York residents can purchase products.  Defendant Koala Tools LLC derives substantial revenue from and has the requisite minimum contacts with New York and can reasonably anticipate being brought into court in New York.  This Court therefore has personal jurisdiction over Koala Tools LLC.

15.  This Court has Jurisdiction over Defendant Rubiks Brand Limited Ltd. because Rubiks Brand Limited Ltd. conducts substantial business in the Southern District of New York where, directly targets consumers in the United States, including New York, through at least the fully

interactive commercial Internet store https://www.rubiks.com/en-us/. In doing so, Defendant Rubiks Brand Limited Ltd. is reaching out to do business with New York residents through its interactive Internet Stores through which New York residents can purchase products.  Defendant Rubiks Brand Limited Ltd. derives substantial revenue from and has the requisite minimum contacts with New York and can reasonably anticipate being brought into court in New York. This Court therefore has personal jurisdiction over Rubiks Brand Limited Ltd..

16.  This Court has Jurisdiction over Defendant Yellow Brand Protection as its principal headquarters is located in New York and defendant conducts substantial business in the Southern District of New York where directly targets consumers in the United States, including New York, through at least the fully interactive website https://www.yellowbrandprotection.com/. In doing so, Defendant Yellow Brand Protection is reaching out to do business with New York residents through its interactive Internet website through which New York residents can access information.  Defendant Yellow Brand Protection derives substantial revenue from and has the requisite minimum contacts with New York and can reasonably anticipate being brought into court in New York.  This Court therefore has personal jurisdiction over Yellow Brand Protection.

17.  This Court has Jurisdiction over Defendant IncoPro Limited because IncoPro Limited conducts substantial business in the Southern District of New York where, directly targets consumers in the United States, including New York, through at least the fully interactive commercial Internet website https://www.IncoPro Limitedip.com/. In doing so, Defendant IncoPro Limited is reaching out to do business with New York residents through its interactive Internet website through which New York residents can access information.  Defendant IncoPro Limited derives substantial revenue from and has the requisite minimum contacts with New York and can reasonably anticipate being brought into court in New York.  This Court therefore

has personal jurisdiction over IncoPro Limited.

## BACKGROUND FACTS

18.  Plaintiff does business as "Supreme Hobbies", an Amazon seller storefront.(Seller ID: A2HG7KNUEK3HVB).

https://www.amazon.com/s?me=A2HG7KNUEK3HVB&marketplaceID=ATVPDKIKX0DER

19.  Amazon.com Inc. is the world's largest online retailer.  The Amazon.com platform offers products worldwide.  Amazon is available solely online at https://www.amazon.com/ (last visited February 19, 2020).

20.  *"Amazon provides a platform for third-party sellers (*"Sellers*") and buyers (*"Buyers*")* to negotiate and complete transactions. Amazon is not involved in the actual transaction between Sellers and Buyers . . .

. *"*https://www.amazon.com/gp/help/customer/display.html?nodeId=1161302  (last visited February 19, 2020).

21.  Sellers fulfill the goods directly to Amazon's customers or ship the goods to various Amazon warehouses across the United States.  At those warehouses, Amazon stores a seller's inventory and ships goods out of those warehouses.

22.  Typically, to make a purchase on Amazon a Buyer searches for a particular item on Amazon.com or via its mobile application and submits an order.

23.  Amazon.com Inc allows Sellers to offer for sale and sell products on the Amazon.com platform.  Amazon.com, Inc. requires that Sellers enter into a contract, known as the Amazon Services Business Solutions Agreement, concerning the relationship between it and Sellers, duties and responsibilities of the Sellers, and other policies.  *See, e.g., Amazon.com's Participation Agreement available at*

https://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=1161302 (last visited January 22, 2019)

24.  According to this contract, Amazon may suspend or terminate this contract if Amazon determines that the seller has materially breached the Agreement and failed to cure within or if a seller's account has been, or our controls identify that it may be used for deceptive or fraudulent, or illegal activity; or the seller's use of the Services has harmed, or our controls identify that it might harm, other sellers, customers, or Amazon's legitimate interests.

25.  Amazon.com Inc. allows Sellers to offer for sale and sell products on the Amazon.com platform.  Amazon.com, Inc. requires that Sellers enter into agreements with it concerning the relationship between it and Sellers, duties and responsibilities of the Sellers, and other policies. *See, e.g.,* Amazon.com's Participation Agreement *available at* https://www.amazon.com/gp/help/ customer/display.html?ie=UTF8&nodeId=1161302  (last visited February 19, 2020).

26.  At all times Plaintiff has lawfully acquired all products he sells on Amazon from Notions Marketing. (Invoices attached as **Exhibit A.**)

27.  Notions Marketing is an authorized distributor of Velcro USA Inc, American Tombow, Inc., Rubiks Brand Limited Ltd., Mattel, Inc. and Koala Tools LLC products with a location at 1500 Buchanan S.W., Grand Rapids MI 49507.

28.  Plaintiff does not repackage, modify or otherwise change the products purchased from the Defendants. Plaintiff resells the same products in the same packaging as received from Notions Marketing.

29.  Upon information and belief, Defendants do not dispute that the products sold to Plaintiff are in the exact same condition as received from Notions Marketing.

30.  Without justification, on November 8, 2017 Defendant Koala Tools LLC filed intellectual property complaints, under email carlos@koalatools.com, on the Amazon platform against Plaintiff alleging the products he was selling were counterfeit. (Communications attached as **Exhibit B.**).

31.  Without justification, on November 23, 2017 Defendant Rubiks Brand Limited Ltd. directed a brand enforcement company, Yellow Brand Protection, to file intellectual property complaints, under email rubik.ipr@ybbrandprotection.com, on the Amazon platform against Plaintiff alleging the products he was selling were counterfeit. (Communications attached as **Exhibit C.**).

32.  Without justification, on July 12, 2017 Defendant Tom Bow filed intellectual property complaints, under email ahughes@American Tombow, Inc.usa.com, on the Amazon platform against Plaintiff alleging the products he was selling were counterfeit. (Communications attached as **Exhibit D.**).

33.  Without justification, on January 11, 2019 Defendant Velcro USA Inc filed intellectual property complaints, under email brandprotection@mm-Velcro USA Inc.com, on the Amazon platform against Plaintiff alleging the products he was selling were counterfeit.

34.  Defendant Velco retracted the complaint filed admitting it had been sent in error. (Communications attached as **Exhibit E**).

35.  Without justification, on May 7, 2019 Defendant Mattel, Inc. directed a brand enforcement company, Inco Pro IP, to file intellectual property complaints, under email Mattel, Inc..enforcement@IncoPro Limitedip.com, on the Amazon platform against Plaintiff alleging the products he was selling were counterfeit. (Communications attached as **Exhibit F.**).

36.  The Plaintiff provided all defendants with evidence showing all products were sourced

from their authorized distributor.

37.  Plaintiff informed Defendants that a retraction of the erroneous complaint filed would prevent any unnecessary harm to their company.

38.  Defendants American Tombow, Inc., Rubiks Brand Limited Ltd., Mattel, Inc., Koala Tools LLC, Yellow Brand protection, IncoPro Limited either ignored all communications or refused to retract the false counterfeit complaint filed.

39.  Plaintiff has made numerous efforts to resolve these intellectual property complaints with the Defendants directly.

40.  Despite Plaintiff's efforts and the retraction by Velcro USA Inc, as a result of the false counterfeit complaints filed by the Defendants, Plaintiff's Amazon storefront was suspended.

### *HARM TO SUPREME HOBBIES*

41.  The Amazon storefront Supreme Hobbies was wrongfully suspended for selling counterfeit products due to false complaints filed by Defendants Velcro USA Inc, American Tombow, Inc., Rubiks Brand Limited Ltd., Mattel, Inc., Koala Tools LLC, Yellow Brand protection and IncoPro Limited.

42.  Defendants were aware of the existence of Plaintiff's contractual relationship with Amazon.

43.  Upon information and belief, Defendants are aware that complaints on Amazon result in suspensions, and, upon information and belief, knew Plaintiff was selling their products before filing the complaints.

### IV.INJURIES

### TORTIOUS INTERFERENCE WITH CONTRACTUAL AND/OR BUISNESS RELATIONSHIP

44.  Plaintiff has an advantageous business relationship with Amazon, which allows him to

sell on Amazon's website as a third-party seller.

45.  Plaintiff is also in a contractual relationship with Amazon.

46.  Defendants were fully aware that the enforcement of its online sales policies did not constitute intellectual property infringement on Amazon and willfully proceeded to file such baseless complaints in effort to remove Plaintiff from the Amazon platform in furtherance of its online exclusivity.

47.  Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

48.  Upon information and belief, Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff from selling products on their platform, as these defendants file complaints on Amazon on a regular basis.

49.  As a result of Defendants false counterfeit complaints filed, Amazon terminated its Amazon Services Business Solutions Agreement with Plaintiff effectively suspending Plaintiff's Amazon storefront pursuant to section 3 of the Amazon Services Business Solutions Agreement.

   WHEREFORE, for the reasons stated, this court should find that Defendants Velcro USA Inc, American Tombow, Inc., Rubiks Brand Limited Ltd., Mattel, Inc., Koala Tools LLC, Yellow Brand Protection and IncoPro Limited are liable for tortious interference with a business relationship and/or contract. This court should enter a judgment ordering Defendants to pay damages, costs, and fees allowable by law.

**DEFAMATION**

50.  Plaintiff realleges and incorporates all previous paragraphs.

51.  Defendants issued false statements to Amazon alleging Plaintiff sold counterfeit products.

52. Plaintiff did not sell counterfeit products.

53. Plaintiff is legally permitted to resell Defendant's products under the First Sale Doctrine.

54. Defendant's false statements were published without privilege or authorization to Amazon.

55. Plaintiff's contract with Amazon was terminated as a result of being accused of counterfeit product sales in violation of section 3 of the Amazon Services Business Solutions Agreement.

56. Defendants did not verify the truthfulness of their statement or investigate into the source plaintiff's products before publishing these false statements to Amazon.

57. Defendants acted with actual malice or with reckless disregard for the truth of the matter asserted in their statements to Amazon.

58. Defendants committed defamation per se.

59. Plaintiff incurred special harm, including but not limited to its suspension from Amazon.

60. At the time Plaintiff was suspended, Plaintiff was generating average daily revenue of approximately $ 1,269.00 per day.

61. To date, Plaintiff contract with Amazon remains terminated.

62. Plaintiff is entitled to damages, costs, and fees allowed by law.

63. In addition to fees allowed by law, Plaintiff is also entitled to attorney's fees under the bad faith exception to the American Rule, as Defendants acted in tremendous bad faith.

WHEREFORE, for the reasons stated, this court should find that Defendants Velcro USA Inc, Mattel, Inc., and IncoPro Limited are liable for business defamation. This court should enter a judgment ordering Defendant to pay damages, costs, and fees allowable by law.

**V.RELIEF REQUESTED**

## INJUNCTIVE RELIEF

64. Plaintiff realleges and incorporates all previous paragraphs.

65. An injunction, requiring Defendants to withdraw their complaints and prohibiting future complaints based on the conduct described herein, is necessary to protect Plaintiff's legal rights to resell authentic products on Amazon.

66. Plaintiff faces a real and imminent danger of irreparable harm as any further complaints, in combination with the existing complaints, will result in another account suspension and further damages.

67. Plaintiff is likely to succeed on the merits of the claims contained herein because the first sale doctrine protects the activity described in this complaint and makes Defendant's complaints to Amazon unlawful.

68. The public interest is served by the issuance of an injunction in this matter because large companies such as the Defendants should not be allowed to, with impunity, strongarm competitors who are rightfully and legally reselling goods out of business solely to their own benefit or that of their partners.

69. As a result of the complaints filed by Defendants, Plaintiff's contract with Amazon was terminated from March 30, 2019 indefinitely.

WHEREFORE, Plaintiff requests this court issue a preliminary injunction and permanent injunction directing Defendants to remove its current complaints on Amazon and to refrain from making other such complaints to Amazon based on intellectual property rights.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury under Federal Rule of Civil Procedure 39 for all

issues triable by jury.

Respectfully submitted, May 7, 2020.

By:    /s/ *Cory J Rosenbaum*
Cory J Rosenbaum
E-mail:  CJ@AmazonSellersLawyer.com
ROSENBAUM FAMULARO, P.C.
138 A. E. Park Ave
Long Beach, NY 11561
212.256.1109
*Attorneys for Plaintiff*