**KILPATRICK TOWNSEND &
STOCKTON LLP**
Theodore H. Davis Jr. (TD1103)
Bryan Wolin (BW8339)
Shireen Nasir (SN1951)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorney for Defendants*
*Rubik's Brand Ltd. and Yellow Brand Protection, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MODELLBAHN OTT HOBBIES, INC., D/B/A SUPREME HOBBIES, <br><br>     Plaintiff, <br><br>   v. <br><br> VELCRO USA, INC.; AMERICAN TOMBOW, INC.; RUBIK'S BRAND, LTD.; MATTEL, INC.; KOALA TOOLS, LLC; YELLOW BRAND PROTECTION, INC.; AND INCOPRO LIMITED, <br><br>                Defendants. | Civil Action No.: <br> 1:20-cv-03526-LLS |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS YELLOW BRAND PROTECTION, INC. AND RUBIK'S BRAND LTD.'S TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF TEXAS

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

JURISDICTIONAL FACTS................................................................................. 2

I.  THIS COURT LACKS PERSONAL JURISDICTION OVER YELLOW
     BRAND AND RUBIK'S ........................................................................... 3

     A.  The Amended Complaint Fails to Support the Exercise of Personal
          Jurisdiction Over Yellow Brand ...................................................... 6

          1.  Lack of General Jurisdiction............................................ 6

          2.  Lack of Specific Jurisdiction ........................................... 7

          3.  Failure to Meet Due Process Requirements.................... 8

     B.  The Amended Complaint Fails to Support the Exercise of Personal
          Jurisdiction Over Rubik's ................................................................. 9

          1.  Lack of General Jurisdiction............................................ 9

          2.  Lack of Specific Jurisdiction ......................................... 10

          3.  Failure to Meet Due Process Requirements.................. 10

II.  SUPREME HOBBIES' DEFAMATION CAUSES OF ACTION AGAINST
      YELLOW BRAND AND RUBIK'S FAIL TO STATE CLAIMS BECAUSE
      THE STATUTE OF LIMITATIONS HAS EXPIRED ....................... 11

III.  SUPREME HOBBIES' AMENDED COMPLAINT AGAINST YELLOW
       BRAND AND RUBIK'S SHOULD BE DISMISSED FOR IMPROPER VENUE
       ...................................................................................................... 12

IV.  IN THE ALTERNATIVE, THE COURT SHOULD SEVER AND TRANSFER
       SUPREME HOBBIES' CLAIMS AGAINST YELLOW BRAND AND
       RUBIK'S TO THE NORTHERN DISTRICT OF TEXAS.................. 13

     A.  Severance of Supreme Hobbies' Claims Against Yellow Brand and
          Rubik's is Appropriate ............................................................ 13

     B.  A Transfer to the Northern District of Texas of Supreme Hobbies'
          Claims Against Yellow Brand and Rubik's is Appropriate..................... 14

          1.  A Transfer to the Northern District of Texas of Supreme
              Hobbies' Claims Against Yellow Brand and Rubik's

Would Best Serve the Convenience of the Parties and the
Witnesses .................................................................................... 15

2.      The Operative Facts Did Not Occur in this District ...................... 17

3.      The Relevant Documentary Evidence is Located Outside
This District .................................................................................. 18

4.      A Transfer to the Northern District of Texas Would Serve
the Interests of Justice ................................................................. 18

V.      YELLOW BRAND AND RUBIK'S ARE ENTITLED IN THE ALTERNATIVE
TO A PROTECTIVE ORDER LIMITING DISCOVERY TO THE ISSUE OF
PROPER VENUE PRIOR TO DISCOVERY ON THE MERITS ...................... 19

VI.     CONCLUSION .................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Andresakis v. City of Milford*,
  No. 98 Civ. 0214 (LMM), 1998 WL 397888 (S.D.N.Y. July 16, 1998) ........................... 9, 11

*Berman v. Informix Corp.*,
  30 F. Supp. 2d 653 (S.D.N.Y. 1998)...................................................................................... 18

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007)..................................................................................................... 5

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017)........................................................................................................ 5, 6

*Brown v. Lockheed Martin Corp.*,
  814 F.3d 619 (2d Cir. 2016)............................................................................................ 4, 7, 10

*cf. Walker v. Jon Renau Collection, Inc.*,
  423 F. Supp. 2d 115 (S.D.N.Y. 2005).............................................................................. 16, 19

*Chaplin v. Kido Indus. Co.*,
  No. 10-CV-05711, 2011 WL 2314866 (S.D.N.Y. June 7, 2011) ....................................... 8, 9

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
  No. 14-CV-3644 (VSB), 2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015) ............................ 16

*CYI, Inc. v. Ja-Ru, Inc.*,
  913 F. Supp. 2d 16 (S.D.N.Y. 2012).................................................................................... 17

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)....................................................................................................... 5, 6, 10

*Dickerson v. Novartis Corp.*,
  315 F.R.D. 18 (S.D.N.Y. 2016) ............................................................................................ 14

*DiStefano v. Carozzi N. Am., Inc.*,
  286 F.3d 81 (2d Cir. 2001)..................................................................................................... 4

*Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*,
  162 F.3d 63 (2d Cir. 1998)................................................................................................. 7, 9

*Ehrenfeld v. Bin Mahfouz*,
  881 N.E.2d 830 (N.Y. 2007).................................................................................................. 4

*Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*,
  260 F. Supp. 3d 401 (S.D.N.Y. 2017)......................................................................... 4, 17, 19

iii

*Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*,
  178 F. Supp. 2d 459 (S.D.N.Y. 2002)................................................................. 19

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
  928 F. Supp. 2d 735 (S.D.N.Y. 2013)........................................................... 15, 19

*Fisher v. Int'l Student Exch., Inc.*,
  38 F. Supp. 3d 276 (E.D.N.Y. 2014) ........................................................... 12, 13

*Fitzgerald v. Texaco, Inc.*,
  521 F.2d 448 (2d Cir. 1975)................................................................................ 19

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
  No. 04 Civ. 5238GEL, 2005 WL 1500896 (S.D.N.Y. June 23, 2005) ..................... 7

*Fuji Photo Film Co. v. Lexar Media, Inc.*,
  415 F. Supp. 2d 370 (S.D.N.Y. 2006)................................................................. 17

*Goldman v. Barrett*,
  No. 15 Civ. 9223 (PGG), 2017 WL 4334011 (S.D.N.Y. July 25, 2017),
  *aff'd*, 733 F. App'x 568 (2d Cir. 2018)............................................................. 12

*Gottlieb v. U.S. Sec. & Exch. Comm'n*,
  723 F. App'x 17 (2d Cir. 2018) ......................................................................... 15

*Gulf Ins. Co. v. Glasbrenner*,
  417 F.3d 353 (2d Cir. 2005)............................................................................... 12

*In re Connetics Sec. Litig.*,
  No. 06 Civ. 11496(SWK), 2007 WL 1522614 (S.D.N.Y. May 23, 2007) ............. 17

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
  418 F. Supp. 2d 164 (E.D.N.Y. 2006) ........................................................... 15, 18

*In re Nematron Corp. Sec. Litig.*,
  30 F. Supp. 2d 397 (S.D.N.Y. 1998)................................................................... 15

*In re Sargeant*,
  278 F. Supp. 3d 814 (S.D.N.Y. 2017)................................................................... 7

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)............................................................................................ 4

*Invivo Resch, Inc. v. Magnetic Resonance Equip. Corp.*,
  119 F. Supp. 2d 433 (S.D.N.Y. 2000)................................................................. 17

*Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998)........................................................................... 3, 10

iv

*Lader v. Delgado*,
　941 F. Supp. 2d 267 (E.D.N.Y. 2013) ................................................................ 12

*McDonnell Douglas Corp. v. Polin*,
　429 F.2d 30 (3d Cir. 1970) ................................................................................. 20

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
　84 F.3d 560 (2d Cir. 1996) ................................................................................... 3

*N. Jersey Media Grp. v. Fox News Network, LLC*,
　312 F.R.D. 111 (S.D.N.Y. 2015) ........................................................................ 14

*N.Y. Marine & Gen. Ins. v. Lafarge N. Am. Inc.*,
　599 F.3d 102 (2d Cir. 2010) ............................................................................... 14

*Nassau Cty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*,
　497 F.2d 1151 (2d Cir. 1974) ............................................................................. 14

*New York v. Mountain Tobacco Co.*,
　55 F. Supp. 3d 301 (E.D.N.Y. 2014) ........................................................... 8, 9, 11

*Pergo, Inc. v. Alloc, Inc.*,
　262 F. Supp. 2d 122 (S.D.N.Y. 2003) ................................................................ 14

*Ritz Hotel Ltd. Shen Mfg. Co.*,
　384 F. Supp. 2d 678 (S.D.N.Y. 2005) ................................................................ 16

*Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*,
　202 F. Supp. 3d 399 (S.D.N.Y. 2016) ................................................................ 16

*SBAV LP v. Porter Bancorp, Inc.*,
　No. 13 Civ. 372 (PAE), 2013 WL 3467030 (S.D.N.Y. July 10, 2013) ............... 17

*Schechter v. Tauck Tours, Inc.*,
　17 F. Supp. 2d 255 (S.D.N.Y. 1998) .................................................................. 13

*Smart v. Goord*,
　21 F. Supp. 2d 309 (S.D.N.Y. 1998) .................................................................. 17

*SongByrd, Inc. v. Estate of Grossman*,
　206 F.3d 172 (2d Cir. 2000) ............................................................................... 15

*Spar, Inc. v. Info. Res., Inc.*,
　956 F.2d 392 (2d Cir. 1992) ............................................................................... 15

*Tenn. Elec. Power Co. v. Tenn. Valley Auth.*,
    306 U.S. 118 (1939),
    *overruled on other grounds*, *Ass'n of Data Processing Serv. Orgs., Inc. v.
    Camp*, 397 U.S. 150 (1970) .................................................................................................. 19

*Thackurdeen v. Duke Univ.*,
    130 F. Supp. 3d 792 (S.D.N.Y. 2015),
    *aff'd*, 660 F. App'x 43 (2d Cir. 2016)................................................................................. 4, 5

*TM Claims Serv. v. KLM Royal Dutch Airlines*,
    143 F. Supp. 2d 402 (S.D.N.Y. 2001)..................................................................................... 18

*Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.*,
    72 U.S.P.Q.2d 1374 (S.D.N.Y. 2003) ..................................................................................... 18

*Wilson v. New York*,
    No. 15 Civ. 23 (CBA)(VMS), 2017 WL 9674497 (E.D.N.Y. Jan. 24, 2017),
    *report and recommendation adopted*, No. 15-CV-23 (CBA) (VMS), 2018 WL
    1466770 (E.D.N.Y. Mar. 26, 2018) ......................................................................................... 12

*Wyatt v. Kaplan*,
    686 F.2d 276 (5th Cir. 1982) ................................................................................................... 19

*Wyndham Assocs. v. Bintliff*,
    398 F.2d 614 (2d Cir. 1968)..................................................................................................... 13

**Statutes**

28 U.S.C. § 1391(b) ....................................................................................................................... 12

28 U.S.C. §§ 1404(a) ........................................................................................................ 13, 14, 15, 17

28 U.S.C. §§ 1406 .......................................................................................................................... 13

GBL § 349 ...................................................................................................................................... 19

N.Y. C.P.L.R. § 302(a)(1)–(4) ........................................................................................................ 5

N.Y. C.P.L.R. 215(3) ....................................................................................................................... 11

N.Y. CPLR § 301 ............................................................................................................................ 4

N.Y. CPLR § 302 ............................................................................................................................ 4

NY C.P.L.R. § 302(a) ...................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(2)................................................................................................................. 3, 13

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 11

Fed. R. Civ. P. 20(a) ................................................................................................................ 14

Fed. R. Civ. P. 21 ............................................................................................................... 13, 14

Fed. R. Civ. P. 26(c) ................................................................................................................ 19

## INTRODUCTION

Accepting the allegations in its Amended Complaint as true, Supreme Hobbies is a Philadelphia-based Amazon storefront with no apparent ties to this District. Supreme Hobbies sells products on Amazon.com allegedly acquired from various distributors. Am. Compl. ¶¶ 1, 13, 15. Yellow Brand is a leading global provider of online anti-counterfeiting services, one of whose clients (and a co-defendant in this case) is Rubik's, the owner of all United States rights to the famed Rubik's Cube toy and other related goods. Declaration of Matt Leclerc ("Leclerc Decl.") ¶ 3; Declaration of Sheila Nfono ("Nfono Decl.") ¶ 4. Yellow Brand issued a takedown notice to Amazon based on Rubik's determination that certain goods sold by Supreme Hobbies bore unlawful imitations of Rubik's federally registered trademarks. Am. Compl. ¶ 23. Yellow Brand withdrew this notice within *five* days of issuance. However, Supreme Hobbies attempts to bootstrap this thin thread of activity into claims for tortious business interference for Supreme Hobbies' contract with Amazon and defamation against Yellow Brand and Rubik's. Am. Compl. at 5-9. Moreover, for reasons nowhere apparent in the Amended Complaint, Supreme Hobbies has joined additional entities as named defendants, who are unrelated to Yellow Brand or Rubik's and whose allegedly actionable conduct has nothing to do with that of Yellow Brand or Rubik's.

The Court should dismiss this action as to Yellow Brand and Rubik's because it lacks personal jurisdiction over both Yellow Brand and Rubik's. Neither Yellow Brand nor Rubik's has substantive contacts with New York sufficient to give rise to general jurisdiction. Moreover, neither Yellow Brand nor Rubik's has directed any specific acts toward New York concerning the events alleged in the Amended Complaint sufficient to give rise to specific jurisdiction.

Venue is also improper in this district as *none* of the events concerning the claims alleged against Yellow Brand and Rubik's in the Amended Complaint occurred in this District; rather, this District appears to have been chosen solely for the convenience of Supreme Hobbies' counsel.

This Court therefore should dismiss the Amended Complaint for improper venue; in the alterna-tive, the Court should sever Supreme Hobbies' claims against Yellow Brand and Rubik's and transfer them to the Northern District of Texas.

To the extent the Court retains jurisdiction over this matter, it should dismiss Supreme Hobbies defamation causes of action (Counts II and III), as they are time-barred and therefore fail to state claims upon which relief can be granted. Yellow Brand's issuance of the takedown notice to Amazon occurred almost two and a half years ago, well beyond the one-year statute of limita-tions applicable to those claims under New York law.

## JURISDICTIONAL FACTS

Yellow Brand is a Delaware corporation with its principal place of business in Dallas, Texas. Leclerc Decl. ¶ 4. Prior to its relocation to Dallas, Texas in 2020 and at the time of the facts alleged in Amended Complaint, Yellow Brand was based in Boston, Massachusetts, with its only office located in Boston. *Id.* ¶ 5. Yellow Brand has no offices in the state of New York. *Id.* ¶ 4. Yellow Brand has no employees, agents, or contractors in New York. *Id.* ¶ 6. Yellow Brand has no accounts with banks or other financial institutions headquartered in New York. *Id.* ¶ 7.[1] Yellow Brand has no other assets, such as real estate, in New York. *Id.* ¶ 8. Yellow Brand has only 9 active clients located in New York, as compared to 91 other United States clients based outside of New York. *Id.* ¶ 12.

Rubik's is a privately held UK corporation. Nfono Decl. ¶ 3. Rubik's only office is in London. *Id.* ¶ 5. Rubik's has no offices in the state of New York. *Id.* Rubik's has no employees,

---

[1] While based in Boston, Yellow Brand opened accounts with Bank of America and Handelsbanken, both of which happen to maintain offices in New York but neither of which is headquartered in New York. Yellow Brand chose both of these banking institutions not because of their various geographic locations but instead based on their capacity to maintain and undertake certain global transactions, a capacity required by the global nature of Yellow Brand's parent company, Yellow Brand Protection AB, and its ultimate parent company, Corsearch, Inc. Yellow Brand has main-tained the same bank accounts after it changed its place of business to Dallas, Texas. Leclerc Decl. ¶ 7.

agents, or contractors in New York. *Id.* ¶ 6. Rubik's has no accounts with New York banks or financial institutions. *Id.* ¶ 7. Rubik's has no other assets, such as real estate, in New York. *Id.* ¶ 8. Although goods produced under Rubik's authority are sold in the United States through distributors, Rubik's has no control over where those sales occur once the goods have been delivered to those distributors. *Id.* ¶ 10. It is possible to make direct purchases through Rubik's website, but Rubik's has made direct sales to only 10 customers located in New York, as compared to sales to 100 other United States customers based outside of New York. *Id.*

Supreme Hobbies' Amended Complaint alleges only one act related to Yellow Brand and Rubik's: Yellow Brand's issuance of a takedown notice to Amazon at the direction of Rubik's. *See* Am. Compl. ¶ 23; Ex. C. The Amended Complaint is silent as to the locations of the person who received Yellow Brand's takedown notice to Amazon and whether Yellow Brand or Rubik's intentionally directed any act toward New York; it likewise fails to identify any injury the Philadelphia-based Supreme Hobbies might have suffered in New York.

## ARGUMENT

## I.  THIS COURT LACKS PERSONAL JURISDICTION OVER YELLOW BRAND AND RUBIK'S

The Court should dismiss Yellow Brand and Rubik's from this case under Rule 12(b)(2) because "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant," *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), and Supreme Hobbies has failed to carry that burden. Jurisdictional allegations must be more than "conclusory": instead, they must state specific facts establishing that jurisdiction is proper. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184–85 (2d Cir. 1998). When granting a motion to dismiss for lack of personal jurisdiction, "the Court may look beyond the four corners of the complaint and consider all pleadings and accompanying affidavits and declarations, while still 'resolving all doubts in [plaintiffs']

favor.'" *Enigma Software Grp. USA, LLC v. Malwarebytes Inc*., 260 F. Supp. 3d 401, 404 n.1 (S.D.N.Y. 2017) (alteration in original) (quoting *DiStefano v. Carozzi N. Am., Inc*., 286 F.3d 81, 84 (2d Cir. 2001)). "The Court does not, however, draw argumentative inferences in plaintiff's favor nor does it accept as true a legal conclusion couched as a factual allegation." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016).

Because no federal statute authorizes an exercise of personal jurisdiction over Supreme Hobbies' state law causes of action, Supreme Hobbies must first satisfy the requirements of the New York long-arm statute. *See Brown v. Lockheed Martin Corp*., 814 F.3d 619, 624 (2d Cir. 2016). Even if Supreme Hobbies' averments satisfy the statute's requirements, an exercise of jurisdiction still must also comport with the Due Process Clause of the Constitution, "which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" *Id.* at 625 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Here, Supreme Hobbies' averments against Yellow Brand and Rubik's satisfy neither New York's long-arm statute nor the requirements of due process. Specifically, Yellow Brand and Rubik's are not subject to an exercise of personal jurisdiction in either of the two ways contemplated by the New York long-arm statute: "general jurisdiction pursuant to N.Y. CPLR § 301 ... or specific jurisdiction pursuant to N.Y. CPLR § 302." *Thackurdeen*, 130 F. Supp. 3d at 798. Because New York law does not permit an exercise of personal jurisdiction to the limits of due process, *see Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 838 (N.Y. 2007), Supreme Hobbies' inability to satisfy the requirements of the statute means it cannot satisfy the constitutional analysis as well.

N.Y. C.P.L.R. § 301 governs the exercise of general jurisdiction in New York. According to Section 301, "a court may exercise general jurisdiction over a nondomiciliary defendant if the

defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Thackurdeen*, 130 F. Supp. 3d at 798–99. In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), however, the Supreme Court expressly rejected the proposition that the exercise of general jurisdiction is appropriate in every state where a corporation operates, even if those operations are "substantial, continuous, and systematic." *Id.* at 119. Instead, the Court explained, general jurisdiction may only be exercised where a corporation is "at home." *Id.* Absent "exceptional" circumstances, a corporate defendant is "at home" where it is incorporated and/or where it maintains its principal place of business. *Id.* at 139 & n.19; *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1554 (2017) ("The paradigm forums in which a corporate defendant is 'at home,' we explained, are the corporation's place of incorporation and its principal place of business ....").

NY C.P.L.R. § 302(a) governs specific jurisdiction, which prevents New York courts from exercising jurisdiction over nondomiciliaries unless the causes of action in the case "aris[e] from" one of four specific kinds of contact with New York, including: "(1) the transaction of any business within the state or contracts anywhere to supply goods or services in New York; (2) the commission of a tortious act within this state; (3) the commission of a tortious act without the state causing injury within the state so long as the tortfeasor either (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services render, in New York or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) the ownership, use, or possession of any real property within New York." *Thackurdeen*, 130 F. Supp. 3d at 801; *see also* N.Y. C.P.L.R. § 302(a)(1)–(4); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007).

A.     **The Amended Complaint Fails to Support the Exercise of Personal Jurisdiction Over Yellow Brand**

1.     **Lack of General Jurisdiction**

Supreme Hobbies fails to plead a sufficient basis for an exercise of general personal jurisdiction over Yellow Brand in New York. Supreme Hobbies does not provide any averments for an exercise of personal jurisdiction over Yellow Brand by this Court. It merely asserts that Yellow Brand "is a corporation with its principal place of business located at 220 West 42nd Street, 11th Floor, New York, NY, 10036." Am. Compl. ¶ 2. This averment is factually incorrect.

Yellow Brand is a Delaware corporation, and its principal place of business has been located in Dallas, Texas since the filing of the Amended Complaint in July 2020. Leclerc Decl. ¶ 4. Prior to July 2020, and at the time the activity in the Amended Complaint relevant to Yellow Brand occurred, Yellow Brand's principal place of business was in Boston, Massachusetts. *Id.* ¶ 5. The only administrative connections Yellow Brand has ever had with New York are two corporate filings. First, Yellow Brand registered to do business with the New York Division of Corporations but only as a foreign business corporation. *Id.* ¶ 11 & Ex. A. Second, Yellow Brand filed an application for registration as a foreign for-profit corporation with the Texas Secretary of State that mistakenly listed the then-current New York City address of Yellow Brand's parent company, Corsearch, Inc., as Yellow Brand's address. *Id.* & Ex. B. Yellow Brand itself has never been located at that (or any other New York) address, however, and it has corrected the error in the Texas filing. *Id.* & Ex. C. Moreover, even Corsearch has relocated to Dallas and therefore no longer is in New York. *Id.* & Ex. D.

Because it is neither incorporated, nor has its principal place of business, in New York, Yellow Brand therefore is not "at home" in the state as required for an exercise of general jurisdiction under *Daimler* and *Tyrrell— Tyrrell*, 137 S. Ct. at 1559; *Daimler*, 571 U.S. at 139. Further,

the minimal—and unrelated—contacts Yellow Brand otherwise may have with New York are in-adequate bases for such an exercise.[2] In *Brown,* the Second Circuit held that a corporation's activities of operating multiple facilities, employing up to 70 individuals, and deriving approximately $160 million in revenue over a four-year period from its activities in the forum state was *still* insufficient to establish general jurisdiction because "except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." 814 F.3d at 627; *see also In re Sargeant*, 278 F. Supp. 3d 814, 821 (S.D.N.Y. 2017) (finding general jurisdiction improper despite the defendant maintenance of one of its "primary business offices" in New York). Supreme Hobbies has therefore failed to prove that this Court's exercise of general jurisdiction over Yellow Brand would be proper.

### 2.      Lack of Specific Jurisdiction

The exercise of specific jurisdiction over Yellow Brand is likewise improper because Supreme Hobbies' claims do not arise from, and lack any connection to, any activity in New York. Supreme Hobbies alleges only one specific act by Yellow Brand with respect to Supreme Hobbies' claims: the issuance of a takedown notice to Amazon on behalf of Rubik's on November 23, 2017. *See* Am. Compl. ¶ 23, Ex. C. However, the Amended Complaint contains no information on how

---

[2] The original Complaint recited Yellow Brand was putatively subject to jurisdiction in New York because it 1) "conducts substantial business in the Southern District of New York"; 2) "directly targets consumers in the United States, including New York, through at least the fully interactive website https://www.yellowbrandprotection.com"; and 3) derives substantial revenue from and has the requisite minimum contacts with New York." Compl. ¶ 16. "[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 68 (2d Cir. 1998). However, Yellow Brand addresses these points to note that even such minimal contacts do not justify an exercise of general jurisdiction. As *Brown* demonstrates, deriving revenue from New York is insufficient. *See* 814 F.3d at 629. Moreover, Yellow Brand has only 9 active clients located in New York, as compared to 91 other United States clients based outside of New York. Leclerc Decl.¶ 12. This Court has also held that a foreign corporation's operation of a website "accessible to New York" is insufficient to establish general jurisdiction. *See Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238GEL, 2005 WL 1500896, at *4 (S.D.N.Y. June 23, 2005) (holding that just because defendant's radio broadcasts were available in New York via defendant's websites did not confer general jurisdiction over defendant in New York, noting "it would not be permissible under the Due Process Clause, ... without absent, at a minimum, an allegation that ... the website was purposefully directed toward New York" (citation omitted)).

this takedown notice or Supreme Hobbies' accompanying claims might have any nexus to New York. Nor does Supreme Hobbies specify which provision of New York's long-arm statute applies, or allege specific facts regarding any New York-based conduct or injury. Even if there was some way to exercise specific jurisdiction based only on Yellow Brand's issuance of a single takedown notice to Amazon, this would manifestly fail to comport with traditional notions of fair play and substantial justice under the Due Process Clause. Accordingly, Supreme Hobbies has failed to allege, and cannot demonstrate, specific jurisdiction over Yellow Brand in this District, and its Amended Complaint must be dismissed as to Yellow Brand.

### 3.    Failure to Meet Due Process Requirements

The exercise of jurisdiction over Yellow Brand does not satisfy the requirements of due process. Courts in this Circuit have held that the absence of a statutory basis for personal jurisdiction will preclude the exercise of it. *See, e.g.*, *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 313 (E.D.N.Y. 2014) ("In that the Court finds no *prima facie* statutory basis for personal jurisdiction, it need not decide whether the exercise of such jurisdiction would comport with due process."); *Chaplin v. Kido Indus. Co.*, No. 10-CV-05711, 2011 WL 2314866, at *2-4 (S.D.N.Y. June 7, 2011) ("*If* the relevant state statute reveals that the court possesses personal jurisdiction over the defendant, the court must then examine whether the exercise of jurisdiction comports with due process under the Fourteenth Amendment ... [I]n light of Plaintiff's failure to meet his burden of proof, the court need not address whether the exercise of jurisdiction comports with due process under the Fourteenth Amendment." (emphasis added)). Because Supreme Hobbies' claims fail to meet the statutory requirements for personal jurisdiction over Yellow Brand, the Court should dismiss its Amended Complaint against Yellow Brand.

Even if Supreme Hobbies somehow satisfied the statutory requirements under New York law for an exercise of personal jurisdiction over Yellow Brand, it fails to meet the required due

process principles. "District courts deciding a motion to dismiss for lack of personal jurisdiction engage in a two-part analysis, first determining whether there is a federal or state statutory basis for jurisdiction, and second deciding whether the exercise of jurisdiction comports with due process." *Mountain Tobacco*, 55 F. Supp. 3d at 311; *see also Chaplin*, 2011 WL 2421309, at *2 (noting a court must "examine whether the exercise of jurisdiction comports with due process").

> "An exercise of jurisdiction violates due process unless the defendant has minimum contacts with the forum state such that the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'" The "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"

*Andresakis v. City of Milford*, No. 98 Civ. 0214 (LMM), 1998 WL 397888, at *2 (S.D.N.Y. July 16, 1998) (citations omitted). Here, the Amended Complaint fails to identify *any* minimum contacts Yellow Brand has with New York, let alone any subjecting Yellow Brand to suit in New York. To hale a Delaware corporation with its principal place of business in Dallas into a New York court does not align with the "traditional notions of fair play and substantial justice." Exercise of jurisdiction over Yellow Brand in New York does not meet due process requirements, and the Court therefore should dismiss Supreme Hobbies' Amended Complaint as to Yellow Brand.

## B.   The Amended Complaint Fails to Support the Exercise of Personal Jurisdiction Over Rubik's

### 1.   Lack of General Jurisdiction

Supreme Hobbies similarly fails to plead a sufficient basis for an exercise of general personal jurisdiction over Rubik's in the State of New York. Supreme Hobbies alleges *no* basis for why jurisdiction over Rubik's is proper in this Court.[3] Rubik's is a privately held company based

---

[3] Supreme Hobbies' original Complaint averred that jurisdiction over Rubik's was proper because it: 1) conducts substantial business in the Southern District of New York 2) directly targets consumers in the United States, including New York, through at least the fully interactive commercial Internet store https://www.rubiks.com/en-us/" and 3) "derives substantial revenue from and has the requisite minimum contacts with New York." Compl. ¶ 16. Even had that pleading not been superseded by the Amended Complaint, *Dluhos*, 162 F.3d at 68, jurisdiction over Rubik's in New York would still be improper. First, the fact that Rubik's website is nationally accessible, including in New York,

in the United Kingdom with no offices or employees in the United States. Nfono Decl. ¶¶ 3, 5-6. Similar to Yellow Brand, any minimum contacts Rubik's may have in New York, none of which is pleaded in the Amended Complaint, fail to provide adequate bases for exercise of general juris-diction. *See Brown* 814 F. 3d at 630; *Daimler* 134 S. Ct. at 746. Because Rubik's is not incorpo-rated in New York, has no offices in New York, and is not "at home" in New York, Supreme Hobbies cannot establish that general jurisdiction exists over Rubik's. *Brown* 814 F. 3d at 630.

### 2.   Lack of Specific Jurisdiction

The exercise of specific jurisdiction over Rubik's is likewise improper because Supreme Hobbies' claims do not arise from, and lack any connection to, any activity in New York. Rubik's sole act alleged in the Amended Complaint is one step further removed from Yellow Brand's act: Yellow Brand issued a takedown notice to Amazon *on behalf of* Rubik's on November 23, 2017. *See* Amended Complaint ¶ 23 , Ex. C. As with Yellow Brand, however, the Amended Complaint contains no information on how this takedown notice or Supreme Hobbies' accompanying claims have any nexus to New York. Nor does Supreme Hobbies identify which provision of New York's long-arm statute allegedly applies, or allege specific facts regarding any New York-based conduct or injury. Accordingly, this Court cannot exercise specific jurisdiction over Rubik's in this district, and the Amended Complaint therefore must be dismissed as to Rubik's.

### 3.   Failure to Meet Due Process Requirements

Because the absence of a statutory basis for personal jurisdiction will preclude its exercise,

---

and can sell products to New York residents does not make Rubik's "at home" in New York. *See e.g., Brown,* 814 F.3d at 629 (*"[A] corporation that operates in many places can scarcely be deemed at home in all of them. And so, when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how systematic and continuous, are extraordinarily unlikely to add up to an 'exceptional case.'" (citation omit-ted)). Moreover, Rubik's has made direct sales to only approximately 10 customers located in New York over the past year, as compared to approximately 100 United States customers outside of New York; it otherwise relies on distrib-utors whose placement of its goods are beyond its control. Nfono Decl. ¶ 10. Last, Supreme Hobbies' bare assertion that Rubik's "has minimum contacts with New York," is merely conclusory, failing to state specific facts supporting an exercise of jurisdiction. *Jazini*, 148 F.3d at 184–85.

*see Mountain Tobacco*, 55 F. Supp. 3d at 313, any such exercise over Rubik's would be improper. Beyond failing to meet its burden to show exercise of personal jurisdiction over Rubik's is appropriate under New York law, Supreme Hobbies also does not satisfy the requisite due process requirements. *See e.g. Andresakis*, 1998 WL 397888, at *2 (noting that due process requires the defendant to have minimum contacts in the forum with "a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (citation omitted)). Rubik's, a UK entity with no offices in the *United States*, simply has no minimum contacts showing it has purposefully availed itself of the privilege of doing business in the state of New York. *Id.* Any exercise of jurisdiction based on Rubik's direction to Yellow Brand to issue a single takedown notice to Amazon bearing on a plaintiff located outside of New York, would manifestly fail to comport with traditional notions of fair play and substantial justice under the Due Process Clause. Exercise of jurisdiction over Rubik's in New York is therefore improper, and the Court therefore should dismiss Supreme Hobbies' claims against Rubik's for want to personal jurisdiction.

## II.   SUPREME HOBBIES' DEFAMATION CAUSES OF ACTION AGAINST YELLOW BRAND AND RUBIK'S FAIL TO STATE CLAIMS BECAUSE THE STATUTE OF LIMITATIONS HAS EXPIRED

Even if the Amended Complaint was not fatally deficient for want of personal jurisdiction and improper venue, it would nevertheless warrant partial dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Specifically, to the extent that Supreme Hobbies' defamation and defamation per se causes of action target Yellow Brand and Rubik's, they are time-barred. Defamation claims under New York law are subject to a one-year statute of limitations. *See* N.Y. C.P.L.R. 215(3). The claim "accrues upon the first publication of the allegedly defamatory statement." *Wilson v. New York*, No. 15 Civ. 23 (CBA)(VMS), 2017 WL 9674497, at *29 (E.D.N.Y. Jan. 24, 2017), *report and recommendation adopted*, No. 15-CV-23 (CBA) (VMS), 2018 WL 1466770

(E.D.N.Y. Mar. 26, 2018); *Lader v. Delgado*, 941 F. Supp. 2d 267, 271–72 (E.D.N.Y. 2013) (same); *see also Goldman v. Barrett*, No. 15 Civ. 9223 (PGG), 2017 WL 4334011, at *7 (S.D.N.Y. July 25, 2017) (holding plaintiff's defamation *per se* claim in amended complaint time-barred by one-year statute of limitations), *aff'd*, 733 F. App'x 568 (2d Cir. 2018).

Notably, the Amended Complaint fails to mention Yellow Brand and Rubik's in asking the Court to find Defendants "Velcro USA Inc., Mattel, Inc., and IncoPro Limited" liable for business defamation and business defamation per se. Amended Compl. at 9. Nevertheless, to the extent the Amended Complaint can be construed as targeting Yellow Brand and Rubik's, Yellow Brand and Rubik's only involvement in the activity alleged in the Amended Complaint pertains to Yellow Brand's November 23, 2017, filing of a takedown notice on the Amazon platform, at Rubik's direction. *See* Amended Compl. ¶ 31 & Ex. C. By delaying until May 7, 2020 – almost two and a half years after publication – to file this action, Supreme Hobbies has waited too long. Even accepting its defamation and defamation per se claims at face value for purposes of this motion, those claims are fatally defective on their face with respect to Yellow Brand and Rubik's.

## III.   SUPREME HOBBIES' AMENDED COMPLAINT AGAINST YELLOW BRAND AND RUBIK'S SHOULD BE DISMISSED FOR IMPROPER VENUE

Supreme Hobbies incorrectly cites 28 U.S.C. § 1391(b) as a basis for venue, noting a "substantial part of the events giving rise to the claims occurred in this venue." Amended Compl. ¶ 12. However, the Amended Complaint does not mention a single event occurring in New York. "The Second Circuit has instructed that venue may be proper in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts." *Fisher v. Int'l Student Exch., Inc.*, 38 F. Supp. 3d 276, 284 (E.D.N.Y. 2014) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005)). That court has emphasized, however, that district courts must "take seriously the adjective substantial." *Gulf Ins. Co.*, 417 F.3d at 357. "Because the venue statute

must be construed strictly," venue is proper if "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Fisher*, 38 F. Supp. 3d at 284.

Here, as stated in Section II *supra*, Supreme Hobbies alleges no activities or conduct material to its claims taking place in this District; indeed, Supreme Hobbies itself is located in an entirely different state. With no "substantial part" of underlying events having occurred in this district, venue is improper. The Court therefore should dismiss Supreme Hobbies' claims against Yellow Brand and Rubik's under Rule 12(b)(2).

## IV.   IN THE ALTERNATIVE, THE COURT SHOULD SEVER AND TRANSFER SUPREME HOBBIES' CLAIMS AGAINST YELLOW BRAND AND RUBIK'S TO THE NORTHERN DISTRICT OF TEXAS

### A.   Severance of Supreme Hobbies' Claims Against Yellow Brand and Rubik's is Appropriate

Even if it overlooks the jurisdictional and venue-related obstacles to Supreme Hobbies' claims against Yellow Brand and Rubik's, the Court should in the alternative sever and transfer those claims to the Northern District of Texas pursuant to Rule 21 and 28 U.S.C. §§ 1404(a) and 1406. With respect to severance under Rule 21, it has long been the law in this Circuit that:

> [W]here the administration of justice would be materially advanced by severance and transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against the other defendants, at least in cases where, as here, the defendants as to whom venue would not be proper in the transferee district are alleged to be only indirectly connected to the manipulations which form the main subject matter of the action.

*Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Thus, "a district court may sever the action, transfer those portions involving parties as to whom venue is proper in the transferee forum, and retain only those portions as to which venue would not lie there." *Schechter v. Tauck Tours, Inc.*, 17 F. Supp. 2d 255, 260 (S.D.N.Y. 1998).

Here, the absence of a nexus between Supreme Hobbies' claims against Yellow Brand and

Rubik's, on the one hand, and its claims against the remaining defendants, on the other, means the parties' respective claims and defenses will turn on different witnesses and evidence. *See N. Jersey Media Grp. v. Fox News Network, LLC*, 312 F.R.D. 111, 115 (S.D.N.Y. 2015) ("Where, as here, plaintiffs' claims ... arise from different circumstances and would require separate analyses, they are not logically related."). Moreover, it is apparent on the face of the Amended Complaint that the takedown notices underlying Supreme Hobbies' grievances against the other defendants rest on completely different transactions and occurrences, which renders Supreme Hobbies' attempted joinder of the defendants improper under Rule 20(a).[4] Moreover, "[g]iven the distinct factual allegations and legal claims, severance of [Supreme Hobbies'] claims [against Yellow Brand and Rubik's] 'would reduce the potential for prejudice that could arise from confusion of the factual issues and legal claims made by [Supreme Hobbies]" against the other defendants. *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26 (S.D.N.Y. 2016). Especially because "there are no allegations of any cooperative or collusive relationship between the [various] sets of defendants," severance therefore is appropriate under Rule 21. *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003).

### B.     A Transfer to the Northern District of Texas of Supreme Hobbies' Claims Against Yellow Brand and Rubik's is Appropriate

Section 1404(a) allows a transfer for the convenience of the parties and witness, and in the interest of justice, to "any civil action to any other district or division where [the civil action] might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *N.Y. Marine & Gen. Ins. v. Lafarge N. Am. Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Likewise, "whether or not venue was proper, lack of personal jurisdiction could be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority

---

[4] Significantly, improper joinder such as that attempted by here can be a basis for *dismissal* and not merely severance. *See Nassau Cty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974).

derived from either section 1406(a) or section 1404(a)." *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000)); *see also Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) (referencing use of § 1406 when "the transfer has enabled the parties to surmount an obstacle, such as lack of jurisdiction, which would have precluded suit in the transferor district").

In determining whether a transfer is appropriate under § 1404(a), this Court properly should consider such factors as: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; and (8) the interests of justice/trial efficiency. *See, e.g.*, *Gottlieb v. U.S. Sec. & Exch. Comm'n*, 723 F. App'x 17, 19 (2d Cir. 2018); *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 171 (E.D.N.Y. 2006); *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 407 (S.D.N.Y. 1998).

Here, Yellow Brand and Rubik's consent to jurisdiction and venue in the Northern District of Texas for purposes of this action, rendering that district one in which this action "could have been brought." Moreover, of the number of factors that the Court may consider under Section 1404(a), two have significant weight here: the convenience of the witnesses and the parties. Yellow Brand's current employees are located exclusively in, or within the Northern District of Texas, making it a more convenient forum than New York. Although not necessarily located in Texas, Rubik's employees and witnesses can travel to Texas just as easily as they can to Texas.

### 1.    A Transfer to the Northern District of Texas of Supreme Hobbies' Claims Against Yellow Brand and Rubik's Would Best Serve the Convenience of the Parties and the Witnesses

"The convenience of witnesses is an important consideration, and has often been described as the single most important § 1404(a) factor." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013). Here, all Yellow Brand's witnesses with

knowledge of the procedures and processes relevant to Yellow Brand's takedown notices, communications with Supreme Hobbies, and communications with Rubik's are located in Dallas, Texas; those witnesses include Caleb McClain and Margaret Dostalik, client coordinators of Yellow Brand. Leclerc Decl. ¶ 14. Allowing these individuals to testify in the Northern District of Dallas is clearly is more convenient than requiring them to lose work travelling to New York.

The Northern District of Texas is also a more convenient forum for the parties, an inquiry that turns on "the parties' principal places of business and the location of their offices." *Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399, 407 (S.D.N.Y. 2016). With respect to the Defendants, as noted above, Yellow Brand's principal place of business is in Dallas. Texas. Leclerc Decl. ¶ 4. Further, Rubik's is based in the United Kingdom with no offices in New York. Nfono Decl. ¶ 5. While not situated in Texas, Rubik's neither is organized under New York law nor has a principal place of business in the state. *See Id.*; Am. Compl. ¶ 7; *cf. Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 118 (S.D.N.Y. 2005) (ordering transfer to Southern District of California after finding that "[the plaintiff] will have to travel from London regardless of the chosen forum").

Supreme Hobbies is a Pennsylvania corporation with its principal place of business in that state. *See* Amended Compl. ¶ 1. In analyzing whether transfer is appropriate, the plaintiff's choice of forum properly receives less weight when it is *not* the plaintiff's home forum. *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, No. 14-CV-3644 (VSB), 2015 WL 12659925, at *4 (S.D.N.Y. Apr. 30, 2015); *see also Ritz Hotel Ltd. Shen Mfg. Co.*, 384 F. Supp. 2d 678, 683-84 (S.D.N.Y. 2005) (according choice of forum "less deference when, as here, a plaintiff brings suit outside its home forum"). Supreme Hobbies has failed to allege any credible explanation for bringing this action in New York. The only potential such explanation is the New York domicile of Supreme

Hobbies' counsel, but "the convenience of counsel is not an appropriate factor to consider on a motion to transfer." *Fuji Photo Film Co. v. Lexar Media, Inc*., 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006) (citing *Invivo Resch, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000))).

Because the requested transfer will alleviate some of the burden of litigation for Yellow Brand without considerably inconveniencing Supreme Hobbies or Rubik's, this factor favors a transfer of the claims against Yellow Brand and Rubik's. *See CYI, Inc. v. Ja-Ru, Inc*., 913 F. Supp. 2d 16, 26 (S.D.N.Y. 2012) (ordering transfer because "the Court cannot discern any significant connection of this litigation to [the original forum] that is not the result of [the plaintiff's] decision to litigate here, rather than elsewhere: there is no record evidence of substantial sales in the district as compared to elsewhere, no clear indication that [there are] witnesses with unique knowledge in or near the district, and no party has its home in the district"); *In re Connetics Sec. Litig*., No. 06 Civ. 11496(SWK), 2007 WL 1522614, at *4 (S.D.N.Y. May 23, 2007) (holding plaintiff would not be more inconvenienced by a transfer where plaintiff was not itself a New York resident).

## 2. The Operative Facts Did Not Occur in this District

"The locus of operative facts is another 'primary factor in determining a § 1404(a) motion to transfer.' This factor 'substantially favors transfer from this district when a party has not shown that any of the operative facts arose in the Southern District of New York.'" *Enigma Software*, 260 F. Supp. 3d at 410 (quoting *Smart v. Goord*, 21 F. Supp. 2d 309, 316 (S.D.N.Y. 1998)); *SBAV LP v. Porter Bancorp, Inc*., No. 13 Civ. 372 (PAE), 2013 WL 3467030, at *4 (S.D.N.Y. July 10, 2013)). As set forth above in greater detail, the locus of the operative facts with respect to Supreme Hobbies' claims against Yellow Brand and Rubik's—or against *any* defendant, for that matter— is not New York. A transfer therefore is appropriate because "[t]he events here have no specific connection to New York." *Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc*., 72 U.S.P.Q.2d

1374, 1375 (S.D.N.Y. 2003).

### 3.    The Relevant Documentary Evidence is Located Outside This District

Even if Supreme Hobbies had averred facts suggesting that its own documents were located in this District, that would not prevent a transfer. *See, e.g.*, *TM Claims Serv. v. KLM Royal Dutch Airlines*, 143 F. Supp. 2d 402, 407 (S.D.N.Y. 2001) (ordering transfer to Northern District of Georgia despite finding that "[t]he relevant documents in this case are located in New York and Atlanta"). Because it has failed to do so, and because the documentary evidence in Yellow Brand's possession is located solely in the Northern District of Texas, a transfer to that district is appropriate. *See, e.g.*, *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 658 (S.D.N.Y. 1998).

### 4.    A Transfer to the Northern District of Texas Would Serve the Interests of Justice

"Although docket congestion is insufficient on its own to support a transfer motion, it is a proper factor for the Court to consider and is accorded some weight." *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d at 171 (citation omitted). Here, the relevant statistics for the twelve-month period ending March 31, 2020, demonstrate that transfer of this litigation to the Northern District of Texas is appropriate for purposes of judicial economy, as the Southern District of New York's docket is significantly more congested than the Northern District of Texas. As of March 31, 2020, the total number of pending cases (civil and criminal) in the Southern District of New York was 18,711, and the total number of filings was 14,436; in the Northern District of Texas, the total number of pending cases was 15,359 and the total number of filings was 7,616. *See Administrative Office of the United States Courts, Federal Court Management Statistics ("FCMS"), available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020. pdf.

It is no answer that Supreme Hobbies' causes of action sound in New York law. Courts in

this District have long recognized that such a consideration is "one of the least important factors in determining a motion to dismiss," *Enigma Software*, 260 F. Supp. 3d at 412, and also that district courts in other states are well capable of applying New York law. *See, e.g.*, *id.* at 412 (California district court capable of addressing causes of action for tortious interference with contractual relations, tortious interference with business relations, and violation of GBL § 349); *see also Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 747 (S.D.N.Y. 2013) (Kansas district court capable of interpreting New York contract law); *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 468 (S.D.N.Y. 2002) (Nebraska district court capable of entertaining New York trademark claims). Especially because "there has not yet been a significant investment by the Southern District of New York in this case in terms of either time or work," *Walker*, 423 F. Supp. 2d at 119, a transfer of Supreme Hobbies' claims against to the Northern District of Texas therefore will serve the interests of justice.

## V.   YELLOW BRAND AND RUBIK'S ARE ENTITLED IN THE ALTERNATIVE TO A PROTECTIVE ORDER LIMITING DISCOVERY TO THE ISSUE OF PROPER VENUE PRIOR TO DISCOVERY ON THE MERITS

Fed. R. Civ. P. 26(c) provides that "[u]pon motion by a party ... , and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from ... undue expense, including ... that the discovery not be had." District Courts therefore enjoy wide discretion to restrict discovery when appropriate. *Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118, 145 (1939), *overruled on other grounds*, *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150 (1970). In particular, district courts may restrict discovery to that directly related to the issue of venue if the circumstances suggest that venue may be more appropriate elsewhere. *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 n.3 (2d Cir. 1975); *see also Wyatt v. Kaplan*, 686 F.2d 276, 284-85 (5th Cir. 1982) (limited discovery proper on issue of personal jurisdiction). Indeed, it may be reversible error to allow discovery on the merits prior

to resolving questions going to proper venue. *See e.g. McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970) ("[I]t is not proper to postpone consideration of the application for transfer ... until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.").

Although it is apparent even at this stage that this litigation properly should be transferred to the Northern District of Texas, the circumstances at a minimum raise a question as to whether venue is proper. Yellow Brand and Rubik's therefore request, in the alternative to their motion to transfer, a protective order limiting discovery for a period of 60 days to the issue of venue and allowing Yellow Brand and Rubik's to renew their motion to transfer if discovery confirms that Supreme Hobbies' ties to this District fail to outweigh the considerations discussed above.

## VI.   CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice Super Hobbies' claims against Yellow Brand and Rubik's in their entirety. If the Court does not do so, it should alternatively, sever Supreme Hobbies claims and transfer this action to the Northern District of Texas. If the Court does not grant Yellow Brand and Rubik's request to transfer in the alternative, Yellow Brand and Rubik's respectfully request a Protective Order Limiting Discovery.

Dated:  September 21, 2020.                     Respectfully submitted,

                                                                /s/ *Theodore H. Davis Jr.*

Kilpatrick Townsend & Stockton LLP          Theodore H. Davis Jr. (TD1103)
1114 Avenue of the Americas                     TDavis@KilpatrickTownsend.com
New York, New York 10036                        Bryan Wolin (BW8339)
Telephone: (212) 775-8700                          BWolin@KilpatrickTownsend.com
Facsimile: (212) 775-8800                           Shireen Nasir (SN1951)
                                                                SNasir@KilpatrickTownsend.com

Attorneys for Defendants Rubik's Brand Ltd.
and Yellow Brand Protection, Inc.

20

**CERTIFICATE OF SERVICE**

I CERTIFY that on September 21, 2020, a true and correct copy of the foregoing document was filed electronically with the Court's CM/ECF system and was thereby served on all counsel of record upon the transmission of the Notice of Electronic Filing.

Dated: September 21, 2020

/s/ *Theodore H. Davis Jr.*
Theodore H. Davis Jr.