UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================X
MODELLBAHN OTT HOBBIES, INC.
d/b/a SUPREME HOBBIES,

                      Plaintiff,

                                                Case No. 20-CV-03526-LLS

    -against-

VELCRO USA, INC., AMERICAN
TOMBOW, MATTEL BRAND, LTD.,
MATTEL, INC., KOALA TOOLS, LLC,
INCOPRO PROTECTION, INC.,
and INCOPRO LIMITED,
================================X

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS INCOPRO
PROTECTION'S AND MATTEL BRAND LTD.'S MOTION TO DISMISS OR CHANGE
VENUE

TABLE OF CONTENTS

INTRODUCTION……………………………………………………………………………...3

FACTS………………………………………………………………………………………….3

ARGUMENT…………………………………………………………………………………...5

Point I - Plaintiff should be permitted to conduct discovery and amend its
complaint before the Court determines the issues raised by Movants………………………….5

Point II - The Attachment Of The Incorrect Document Is Not Fatal To Plaintiff's Claims………6

Point III - Movants' Have Failed To Prove Plaintiff's Claims Are Time Barred…………………7

Point IV - Movants Tortious Acts Are Not Privileged……………………………………………9

POINT V - Movants' Remaining Arguments Are Without Merit……………………………….12

CONCLUSION………………….…………….………………………………………..............12

TABLE OF AUTHORITIES

*TufAmerica, Inc. v. Diamond*, 968 F. Supp.2d 588 (S.D.N.Y. 2013)……………………………..6

*Amaranth v. J.P. Morgan*, 71 A.D.3d 40 (N.Y. App. Div. 2009)…………………………………9

*Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017 (S.D.N.Y.2007)…………………..11

*Stillman v. Ford*, 22 N.Y.2d 48 (N.Y. 1968)……………………………………………………11

*Liberman v. Gelstein*, 80 N.Y.2d 429 (N.Y. 1992)……………………………………………11

## INTRODUCTION

This Memorandum of Law and accompanying is submitted in opposition to the motion by Defendants Incopro Limited and Matel Inc. (hereinafter "Incopro" and "Matel", respectively and "Movants" collectively) for an Order: dismissing the action against them.

Contrary to the arguments and authorities proffered by Movants, their motion should be denied *in toto* because, *inter alia* the Court has specific personal jurisdiction over movants and venue is properly laid here in New York.

## COUNTER STATEMENT OF FACTS

As the Court is aware, when considering a motion such as this, the allegations in the Amended Complaint must be taken as true. Movants have also admitted the truth of the majority of Plaintiff's allegations and made additional affirmative statements in their motion papers which affirm the propriety of Plaintiffs' assertions. They have also failed to dispute certain contentions or explain certain facts which militate in Plaintiff's favor.

Accordingly, whether as the result of the Court's obligatory deference to Plaintiff's allegations, Movants' inculpatory admissions and failure to explain damaging facts, or a combination thereof, it is beyond dispute for purposes of this motion that, at all relevant times the following things were true.

- Plaintiff sold goods on Amazon.com (hereinafter "Amazon") to customers residing and/or domiciled throughout the United States including New York.

- Movants knew that Plaintiff sold goods on amazon.com to customers residing and/or domiciled throughout the United States including New York.

- Movants knew that Plaintiff conducted the aforementioned business pursuant to a contract between Plaintiff and Amazon.

- Movants are sophisticated business entities with extensive knowledge of online commerce in general and the manner in which Amazon conducts such business in particular, as proven by the submission and withdrawal of their "take down notice" regarding Plaintiff.
- Movants knew it was Amazon's practice to terminate its contractual relationship with sellers accused of violating the intellectual property rights of third-parties by, *inter alia*, selling counterfeit goods.
- Incopro acted as Matel's agent, under its direction, control, behest and in coordination therewith to such an extent as to constitute a conspiracy to commit the tortious acts alleged so that all relevant actions by Incorpor are legally attributable to Matel and vice versa.
- On or about November 23, 2017 Incopro, in conspiracy with Mattel, falsely stated to Amazon that Plaintiff was infringing Mattel's intellectual property rights by committing the crime of selling counterfeit goods.
- Movants knew or should have known the aforementioned statements they made to Amazon about Plaintiff were false and defamatory, as proven by their alleged retraction of those statements just five days later.
- Movants knew or should have known that their false and defamatory statements to Amazon would interfere with Plaintiff's contractual relations with Amazon and prevent Plaintiffs from being able to sell goods on amazon.com to customers throughout the United States including those residing and/or domiciled in New York which is why they made the false and defamatory statements in the first place.

- As the result of Movants' false and defamatory statements to Amazon, Amazon severed its contract with Plaintiff thereby preventing Plaintiff from selling goods on amazon.com to customers throughout the United States including those residing and/or domiciled in New York. (Ott Declaration at ¶6).

- Movants' false and defamatory statements to Amazon about Plaintiff tortiously interfered with Plaintiff's contractual relations with Amazon, specifically by inducing Amazon to terminate that relationship. (Id.)

- Movants' false and defamatory statements to Amazon about Plaintiff tortiously interfered with Plaintiff's prospective business relations with customers residing and/or domiciled in New York. (Id.)

- Movants' false and defamatory statements to Amazon about Plaintiff tortiously interfered with Plaintiff's existing business relations with customers residing and/or domiciled in New York. (Id.)

## ARGUMENT

### Point I

### Plaintiff should be permitted to conduct discovery and amend its complaint before the Court determines the issues raised by Movants

While Plaintiff concedes that under certain circumstances pre-discovery dismissal is appropriate, this is not one of those instances. Since no discovery has been conducted Plaintiff is unable to assess the truth of many of Movants' assertions much less address them substantively and/or refute them. Therefore, Plaintiff would be severely prejudiced if the court were to dismiss its claims before having had any opportunity to inquire through interrogatories, demands for documents and/or depositions.

Similarly, the motion should be denied to allow Plaintiff an opportunity to amend its complaint after the completion of the discovery described, *supra*. The liberal preference for granting leave to amend pleadings to conform to facts is by now so etched in the cornerstone of both Federal and New York jurisprudence listing the authorities for it is purely superfluous. And, it is a rare case indeed that would warrant the application of that preference more forcefully than this one.

There are clearly topics into which Plaintiff should be permitted to inquire and potentially conform its pleadings to, before being forced to defend Movants' one-sided attempt to dismiss the entire action against them based on questionable assertions made in guarded language.

Point II

The Attachment Of The Incorrect Document Is Not Fatal To Plaintiff's Claims

Movants urge the Court to dismiss the action because the wrong document was inadvertently attached as an exhibit to the Amended Complaint. This argument is meritless and should be rejected out of hand for the simple reason that, contrary to Movants' argument, Plaintiff's claims are not premised on the document in question nor did Plaintiff intend to attach it as proof of its allegations.

The operative aspect of the Complaint is not the exhibit, it's the allegations and statements therein. And Movants' reliance on *TufAmerica, Inc. v. Diamond*, 968 F. Supp.2d 588 (S.D.N.Y. 2013) for their assertion is misplaced.

Contrary to Movants' claims, the document does not invalidate Plaintiff's claims against them because unlike the document at issue in *TufAmerica*, supra the document at issue here doesn't contradict Plaintiff's claims. It simply doesn't support the allegation associated with it. That is completely different than contradicting it, as Movants' would urge the Court to believe.

While the court in *TurfAmerica,* supra did say "the document, not the allegations control" it was referring to a document that disproved the allegations, not a document that simply differed from the allegations.

Point III

Movants' Have Failed To Prove Plaintiff's Claims Are Time Barred

Movants' arguments that Plaintiffs' claims against them must fail for the same reason set forth above: the document does not control, the allegations do. Movants once again rely on the misapprehension that the document inadvertently attached to the Amended Complaint and once again that argument must be rejected. In addition, Movants are in possession of the communications in question i.e. the "take down notice" to Amazon but have failed to attach it to their motion so the Court cannot determine when it was made.

Movants correctly aver that the document attached to the Amended Complaint bears no date. So, by their own admission it is of no use in calculating the statute of limitations. The only thing that matters for that purpose is the allegation in the Amended Complaint that Movants' committed their tortious acts on May 7, 2019. Since the document in question doesn't bear a date, it is nothing but pure speculation that it refers to actions by Movants prior to the date alleged. It could just as easily refer to actions that Movants' committed on the same day or on some previous or subsequent date. It neither matters, nor stands for the proposition for which Movants' rely upon it.

As noted above, the Court is bound to accept the truth of Plaintiff's allegations. Since the document doesn't contradict those allegations it cannot be controlling and for purposes of this motion the Court must accept Plaintiff's allegation that Movants committed their tortious acts

within one year of the commencement of the action. The alleged email referring to suspension of Plaintiff's Amazon complaint.

Movants once again urge the court to jump across a chasm to reach their preferred conclusion. There is no reason to believe the email proffered by Movants refers to the same suspension of Plaintiff's Amazon account as that at issue here. Nothing in the Complaint or Movant's papers eliminates the possibility that Plaintiff's account was cancelled two, three or twenty times due to Movants' malfeasance and that the email in question refers to one or more of those instances. To accept this argument the Court would not only have to disregard its obligation to accept the truth of Plaintiff's allegations, it would have to attribute content and meaning to diametrically opposite factual claims.

First, Movants argue that the case should be dismissed because Exhibit F to the Amended Complaint contradicts the allegations about Movants, which it does not. Next, it argues that, even though it bears no date, it's proof of when Movants committed their tortious acts. Finally, Movants argue that it is metaphysically impossible for Plaintiff's Amazon account to have been suspended more than once "since March 30, 2019". None of these arguments are sufficient to warrant dismissal of Plaintiff's defamation claims, nor are they sufficient to warrant Plaintiff's other claims.

Movants incorrectly aver that Plaintiff's tortious interference claims are also time barred because they are premised on the same damage to Plaintiff's reputation. However, this is incorrect. The tortious interference claims stem not from damage to Plaintiff's reputation but from the interference with its specific business relations i.e. its contract with Amazon.

The futility of this contention is belied by the absurdity of the argument made in support of it. Movants actually try to convince the Court that there is a meaningful difference between

Amazon cancelling it's contract with Plaintiff and Amazon "exercising its discretion to cease doing business with it." Perhaps most telling is Movants' use of the word "obvious" to describe this distinction without a difference. Were it so obvious, it wouldn't require such a tortured argument to prove it. *Amaranth v. J.P. Morgan*, 71 A.D.3d 40 (N.Y. App. Div. 2009).

Point IV

Movants Tortious Acts Are Not Privileged

Contrary to Movants' claims, their false and defamatory statements are not protected by either the "litigation privilege" or the "common interests privilege". The former is not applicable because at the time the statements were made there was no litigation ongoing or contemplated. Movants' attempt to equate their defamatory statements to Amazon regarding Plaintiff as a cease and desist letter is unpersuasive on this point.

First, Movants' assertions to Amazon about Plaintiff were false so no privilege attaches to or protects them. Second, Movants' take down notice to Amazon was not a cease and desist letter and Movants have failed to provide it to the Court for its own analysis even though they don't deny filing it. While it may have, if Movants had produced it, been persuasive, they didn't so the point is moot. Their arguments on this point are, as are all the other arguments in their motion, based on wild speculation instead of actual facts. Here, they urge the Court to imagine what was contained in the take down notice instead of providing the proof it undoubtedly possesses. While the take down notice might have been privileged if this action were brought on behalf of Amazon it is not privileged for purposes of the claims by Plaintiff at issue herein.

To be privileged, a cease and desist letter must be directed to the subject of the letter. Here, Movants aver that false and defamatory statements become privileged if they are couched as a cease and desist letter. Were that the case, there would never be another defamation claim as

all potential tortfeasors would merely use the words "cease and desist" in their defamatory communications to third-parties. Since the Movants failed to attach the allegedly privileged communication it is impossible for the Court to evaluate it and it must therefore take the allegations in the Complaint as true. Moreover, while a cease and desist letter might be privileged that privilege evaporates when the letter is published to a third-party.

In addition to being false, Movants' statements about Plaintiff are not privileged because they were made to Amazon. Perhaps if the statements to Amazon related only to Amazons' sale of counterfeit goods Movants would have a viable argument. However, they cannot cloak their defamatory statements in a privilege because they were made to a third party. Even if the document at issue, which we do not have before us, constituted a cease and desist letter to Amazon, the inclusion of false allegations against Plaintiff take away whatever strained claim Movants might be able to make of the alleged "anticipated litigation privilege".

Similarly, as Movants note, Amazon has "developed a streamlined process for processing these take down demands" because they receive so many of them. If these take down notices could plausibly be construed as anticipatory of litigation the Court's would be clogged with nothing but claims against Amazon. Movants are sophisticated businesses clearly well versed in Amazon's business model and practices. They knew full well when they issued the take down notice to Amazon it was not intended in anticipation against Amazon, which is why they never actually offer any proof that it was. They merely skirt the issue and ask the court to infer, not just the content of the communication, but their own intent to sue Amazon. Probably because they never possessed any such intent which vitiates their claim of litigation privilege. Their arguments regarding the "common interest privilege" is no more persuasive.

If the "common interest" privilege protected false and defamatory statements in the manner alleged by Movants there would never be another successful tortious interference case. The argument, as weak as it is, can be made that any communication made to a third-party which has a contractual or business relations with the subject of the communication falls under this alleged "privilege". However, that is not what the privilege encompasses:

> New York courts have extended the common interest privilege to otherwise-defamatory communications between partners, officers of a corporation, and employers and their employees. *See id.; see also Liberman*, 605 N.E.2d at 349 ("This `common interest' privilege has been applied, for example, to employees of an organization, members of a faculty tenure committee and constituent physicians of a health insurance plan."

*Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017 (KMK), at *24 (S.D.N.Y.2007) quoting *Stillman v. Ford*, 22 N.Y.2d 48 (N.Y. 1968) and *Liberman v. Gelstein*, 80 N.Y.2d 429 (N.Y. 1992).

In other words, the common interests privilege does not extend to relationships which are premised solely upon the subject of the communication. The commonality must exist prior to and be distinct from the subject of the false and defamatory statements. Otherwise, there would be no cause of action for tortious interference with contracts or business relations. Movants claim that Plaintiff's pleadings are insufficient to overcome either privilege is both false and a red herring.

Since neither privilege applies, there is no requirement that the pleadings "defeat" them. As Movants admit, their argument only applies when the communications at issue are subject to a qualified privilege. As the communications at issue in this matter are not subject to any privilege the requirement doesn't apply. Moreover, the Movants have failed to adduce sufficient evidence to support any of their arguments instead relying on inference and implication as well as wild speculation. They have offered no proof of the content of the subject communication. So,

the Court is bound to accept it as described in the Amended Complaint, which description puts it squarely outside the ambit of the two privileges Movants claim.

## POINT V

### Movants' Remaining Arguments Are Without Merit

Movants' claim that Plaintiff's allegations are insufficient to overcome the privilege are both false and irrelevant. Movants conflate the concept of conclusory allegations and factual allegations. Plaintiff clearly alleges, as Movants admit, that they made knowingly false statements to a third-party which caused that third party to breach an actual contract. Plaintiff's Amended Complaint clearly contains all allegations necessary to make out each of the causes of action.

Plaintiff has made the necessary factual allegations to make out their claim and there is no additional burden to defeat privileges that do not apply. Even if there were, Plaintiff's allegations would satisfy it. Movants repeatedly aver that Plaintiff failed to allege their statements were malicious or unjustified. However, Plaintiff clearly avers the statements were false and that Movants knew they were false when they were made.

## CONCLUSION

For the foregoing reasons, Movants application should be denied in all respects and Plaintiff's granted all other appropriate relief.

Dated: October 14, 2020
New York, New York

*Neil Flynn*
Rosenbaum, Famularo & Segall, P.C.
By: Neil Flynn (NF0665)
Attorneys for Plaintiff
136a East Park Avenue
Long Beach, New York 11561
Direct: 516.993.5599
neilf@amazonsellerslawyer.com