**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
:
:
MODELLBAHN OTT HOBBIES, INC., D/B/A :
SUPREME HOBBIES, :
:
            Plaintiff, :
:
:
:
            v. : No. 20-cv-03526-LLS
:
:
VELCRO USA, INC.; AMERICAN TOMBOW, :
INC.; RUBIK'S BRAND, LTD.; MATTEL, INC.; :
KOALA TOOLS, LLC; YELLOW BRAND :
PROTECTION, INC.; AND INCOPRO LIMITED, :
:
:
            Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM OF
DEFENDANTS INCOPRO LIMITED AND MATTEL, INC.**

BALLARD SPAHR LLP

Joseph Slaughter
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
slaughterj@ballardspahr.com

Paul Safier (*pro hac vice* pending)
1735 Market St., 51st Floor
Philadelphia, PA 19103
Tel.: (215) 665-8500
Fax: (215) 864-8999
safierp@ballardspahr.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  Plaintiff's Request Simply For "Discovery" Provides No Basis To Deny The Motion ...................................................................................................................1

II.  Exhibit F Cannot Give Rise To A Claim ...............................................................2

III.  Plaintiff's Claims Are Untimely .............................................................................3

IV.  The Complaint To Amazon Was Privileged ..........................................................5

V.  Plaintiff Has Failed To Adequately Plead Tortious Interference ..........................7

CONCLUSION ...........................................................................................................................7

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................1

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................1, 4

*Burns v. Delaware Charter Guarantee & Trust Co.*,
    805 F. Supp. 2d 12 (S.D.N.Y. 2011) .......................................................................................3

*Cruz v. United Automobile Workers Union Local 2300*,
    2019 U.S. Dist. LEXIS 119662 (N.D.N.Y. July 18, 2019) .....................................................5

*CVS Pharmacy, Inc. v. Press America, Inc.*,
    377 F. Supp. 3d 359 (S.D.N.Y. 2019) .....................................................................................3

*Fleming v. Laakso*,
    2019 U.S. Dist. LEXIS 19565 (S.D.N.Y. Feb. 5, 2019) .........................................................5

*Liberman v. Gelstein*,
    80 N.Y.2d 429 (1992) .............................................................................................................6

The Opposition ("Opp."), Dkt. 63, of Plaintiff Modellbahn Ott Hobbies, Inc., d/b/a Supreme Hobbies ("Plaintiff") fails to adequately rebut the multiple grounds on which the claims asserted against Incopro Limited ("Incopro") and Mattel Inc. (together, the "Incopro Defendants") are subject to dismissal.  Instead, Plaintiff repeatedly asks this Court simply to ignore what it pleaded in its Amended Complaint ("Am. Compl."), Dkt. 13.  Plaintiff's requests to disavow its allegations, or to substitute new allegations that it did not make, should be rejected out of hand.  Plaintiff should be judged based on what is actually contained in its Amended Complaint, which, for the reasons set forth below and in the Incopro Defendants' opening Memorandum ("Mem."), Dkt. 53, fails to state any claim against the Incopro Defendants.  Accordingly, the Incopro Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted, and the Amended Complaint should be dismissed with prejudice as to the Incopro Defendants.

I.      **Plaintiff's Request Simply For "Discovery" Provides No Basis To Deny The Motion.**

Plaintiff begins its argument by asserting that it "would be severely prejudiced if the [C]ourt were to dismiss its claims before" it has an opportunity to conduct discovery.  Opp. at 5.[1]  Plaintiff does not indicate any specific area in which discovery is required in order to assess the Incopro Defendants' motion.  Regardless, that is not how the analysis under Rule 12(b)(6) works.  The whole point of the federal pleading rules, as clarified by *Iqbal* and *Twombly*, is that only where "a complaint . . . states a plausible claim for relief" does it "unlock the doors of discovery."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Plaintiff cannot bypass that rule by asserting that it needs

---

[1] Because Plaintiff's Opposition does not have its own page numbers, the citations used herein refer to the page numbers assigned by the Court's ECF system.

discovery to determine whether it has stated a plausible basis for relief. Thus, its generic plea for a chance to undertake discovery should be rejected.

## II.   Exhibit F Cannot Give Rise To A Claim.

Plaintiff is on no stronger ground in asking this Court to disregard Exhibit F to its own Amended Complaint. The Amended Complaint's only allegation that is specific to the Incopro Defendants states, in full:

> On May 7, 2019, Defendant Mattel's authorized agent, IncoPro, published intellectual property complaints with Amazon against Plaintiff falsely alleging the products it was selling were counterfeit. (Communications attached as Exhibit E.).[2]

Am. Compl. ¶ 26. As the Incopro Defendants explained in their opening Memorandum, Exhibit F is non-actionable on its face and contradicts Plaintiff's characterization of it. Mem. at 3-4. Plaintiff's response is to assert that "the wrong document was inadvertently attached as an exhibit to the Amended Complaint." Opp. at 6. Tellingly, Plaintiff does not identify the "correct" document, or indicate what that document says or when it was sent. Instead, it simply asks this Court to ignore what it pleaded. The federal pleading rules do not permit that. Plaintiff pleaded that the Incopro Defendants defamed it and tortuously interfered with its contract with Amazon when they sent the communication attached as Exhibit F. Because Exhibit F, on its face, does not support any of the causes of action asserted against the Incopro Defendants, the Amended Complaint should be dismissed as to the Incopro Defendants.

---

[2] As the Incopro Defendants noted in their opening Memorandum, the reference in Paragraph 26 of the Amended Complaint to Exhibit E, rather than Exhibit F, appears to be a typographical error. Mem. at 3 n.2. Plaintiff does not dispute that.

### III. Plaintiff's Claims Are Untimely.

Plaintiff is also wrong to assert that its claims should not be dismissed as untimely. In its Amended Complaint, Plaintiff pleaded that Exhibit F is a communication from May 7, 2019, which is exactly one year prior to the filing of this action. Am. Compl. ¶ 26. But, Exhibit F is a communication from Amazon to Plaintiff that references a prior complaint from Incopro to Amazon on which Plaintiff's claims are ostensibly based. *See* Mem. at 3 (explaining this). Thus, the relevant communication to Amazon must have been sent prior to May 7, 2019, which is to say, more than a year before this action was filed.[3] Plaintiff's response is to disavow its allegation that Exhibit F was sent on May 7, 2019. Opp. at 7. But, it is black letter law that "Plaintiffs cannot use their briefs to disavow the allegations in their complaint." *Burns v. Del. Charter Guarantee & Tr. Co.*, 805 F. Supp. 2d 12, 19 (S.D.N.Y. 2011). Exhibit F makes clear that Plaintiff's claims were filed outside of the one-year statutory window.

This becomes even more apparent when taking into account the May 13, 2019 email Plaintiff sent to Incopro in which it represented that Incopro had caused its "Amazon account to be suspended since **March 30, 2019**." Mem. at 5 (citing Decl. of Joseph Slaughter, Ex. 1). Importantly, Plaintiff does not take issue with the authenticity of the May 13, 2019 email, nor does it dispute that the email can properly be considered on a motion to dismiss. It has, therefore, conceded that the email is part of the motion-to-dismiss record. *See CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("a party may be deemed to have conceded an argument by failing to address it in its briefing."); *see also* Mem. at 5 n.3 (explaining basis for considering email on a motion to dismiss). Plaintiff's response, instead, is

---

[3] In its Opposition, Plaintiff states that the allegedly defamatory communication was sent on "November 23, 2017." Opp. at 4. That appears to be a typographical error, brought about by copying and pasting from prior work product.

3

to speculate that the email *might* refer to a different 2019 suspension of Plaintiff's Amazon account that was also caused by the Incopro Defendants, asserting that "[n]othing in the Complaint or Movant's papers eliminates the possibility that Plaintiff's account was cancelled two, three or twenty times due to Movants' malfeasance[.]" Opp. at 8.  Plaintiff is correct that virtually anything is *possible*.  But, in assessing the sufficiency of a complaint, the question is not whether there is a conceivable set of facts that, if true, would establish the claims.  Rather, it is whether the complaint's well-pleaded allegations, combined with any materials that can be considered alongside those allegations, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554.  Here, Plaintiff has alleged a single termination of its contract with Amazon that it attributes to the counterfeiting complaint submitted by the Incopro Defendants, as well as the complaints submitted by the other defendants.  Am. Compl. ¶¶ 22-27.  Exhibit F to Plaintiff's Amended Complaint makes clear that the counterfeiting complaint submitted by the Incopro Defendants came before May 7, 2019, and the May 13, 2019 email, which Plaintiff concedes can be considered on a motion to dismiss, makes clear that the complaint came before March 30, 2019.  Thus, this action was initiated more than one year after the communication on which it is based.

Finally, Plaintiff is incorrect that its tortious interference claim should be subject to a different statute of limitations than its two defamation claims.  Plaintiff does not address any of the multiple cases the Incopro Defendants cited for the proposition that, where, as here, a tortious interference claim is premised on the allegation that a defamatory statement caused third parties to stop doing business with the plaintiff, that claim should be treated as a defamation claim for statute-of-limitations purposes.  *See* Mem. at 6-7 (citing cases).  Instead, Plaintiff simply mocks the Incopro Defendants' position as "absurd[]."  Opp. at 8-9.  That is not an adequate rebuttal.

Because the communication on which Plaintiff's claims against the Incopro Defendants are based took place more than a year before this action was initiated, and because all three of those claims are subject to a one-year statute of limitations, Plaintiff's claims against the Incopro Defendants should be dismissed.

**IV.     The Complaint To Amazon Was Privileged.**

Plaintiff has no better response to the argument that the complaint to Amazon was privileged from liability for defamation.

With respect to the "litigation privilege," Plaintiff begins by asserting that the privilege cannot attach because the statement in question was, according to the Amended Complaint, false. Opp. at 9. That misses the point. To say that a statement is privileged from liability for defamation is to say that the statement cannot give rise to liability *even if it is false*, since falsity and lack of privilege are separate elements of a defamation claim under New York law. *Fleming v. Laakso*, 2019 U.S. Dist. LEXIS 19565, at *19 (S.D.N.Y. Feb. 5, 2019) (setting forth elements of a defamation claim); *see also Cruz v. United Auto. Workers Union Local 2300*, 2019 U.S. Dist. LEXIS 119662, at *69 (N.D.N.Y. July 18, 2019) ("Plaintiff appears to ignore the fact that even a false statement will not constitute defamation if the speaker is privileged . . . to make it."). Nor is Plaintiff on any stronger ground in asserting that the Incopro Defendants have not established that the communication to Amazon was the legal equivalent to a "cease-and-desist" letter. The Amended Complaint unambiguously alleges that Incopro sent a take-down notice to Amazon on behalf of Mattel about counterfeit merchandise Plaintiff was allegedly selling on the site. Am. Compl. ¶ 26. Numerous courts in identical circumstances have held that such communications are tantamount to cease-and-desist letters. *See* Mem. at 9-10 (citing cases). Plaintiff does not even address those cases, let alone demonstrate that they do not apply here.

5

Finally, Plaintiff's assertion that the litigation privilege does not apply because the communication from Incopro was "published to a third-party," Opp. at 10, misunderstands the nature of the original communication. The communication was alerting Amazon as to infringement on its site for which Amazon could have (potentially) been liable. *See* Mem. at 9 (noting this fact). Thus, Amazon was not a third party, but was "the subject of" the communication, Opp. at 9, which are precisely the circumstances in which Plaintiff concedes that the litigation privilege applies.

With respect to the "common interest" privilege, Plaintiff asserts—without any support at all—that the privilege cannot apply to the communication between Incopro and Amazon because "commonality must exist prior to and be distinct from the subject of the false and defamatory statements," rather than being "premised solely upon the subject of the communication." Opp. at 11. In fact, the opposite is true—the subject of the statement is exactly what determines whether the parties have a common interest. *See, e.g.*, *Liberman v. Gelstein*, 80 N.Y.2d 429, 437 (1992) (common interest privilege applies to "communication[s] made by one person to another ***upon a subject in which both have an interest***.") (emphasis added). Here, both Mattel (acting through its agent, Incopro) and Amazon had a common interest in eliminating the sale of counterfeit Mattel merchandise on Amazon's site. That is sufficient for the privilege to apply. *See* Mem. at 10 (citing cases in which sending a warning about potential misconduct to an entity positioned to police that misconduct was held to fall within "common interest" privilege).[4]

---

[4] Plaintiff's related argument that, if the "common interest" privilege is held to apply under these circumstances, "there would never be another successful tortious interference case," Opp. at 11, fails for the basic reason that the "common interest" privilege only applies to defamation claims.

6

Finally, Plaintiff does not even try to argue that it has alleged facts sufficient to overcome either of these privileges. Instead, Plaintiff asserts that it was not required to allege such facts because the privileges do not apply. Opp. at 11-12. Because the privileges *do* apply (for the reasons set forth above and in the Incopro Defendants' opening Memorandum), Plaintiff's defamation claims are subject to dismissal on this additional ground. *See* Mem. at 12 & n.4 (citing multiple cases in which defamation claims were dismissed for failure to plead factual allegations sufficient to overcome the litigation or common interest privilege).

**V.     Plaintiff Has Failed to Adequately Plead Tortious Interference.**

Finally, Plaintiff's Opposition does nothing to revive its deficient allegations of tortious interference. Plaintiff simply asserts, with no citation to its Amended Complaint, that it "clearly alleges . . . that [the Incopro Defendants] made knowingly false statements to a third-party, which caused that third party to breach an actual contract." Opp. at 12. But, as the Incopro Defendants explained in their opening Memorandum, the Amended Complaint fails to adequately allege *either* that the complaint Incopro sent to Amazon was "without justification" (notwithstanding that it was sent to vindicate Mattel's intellectual property rights), *or* that the complaint caused an "actual breach of contract" (as opposed to a discretionary termination of a contract). Mem. at 11-14. Plaintiff points to nothing in the Amended Complaint that adequately alleges either of those elements. Thus, Plaintiff's tortious interference claim is subject to dismissal on this additional ground.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the Incopro Defendants' opening Memorandum, the Incopro Defendants respectfully request that the Amended Complaint

7

be dismissed with prejudice as to them, and that the Court grant such other relief as it shall deem just and proper.

Dated: New York, New York
October 21, 2020

Respectfully submitted,

BALLARD SPAHR LLP

By: /s/ Joseph Slaughter
Joseph Slaughter
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 223-0200
Fax: (212) 223-1942
slaughterj@ballardspahr.com

Paul Safier (*pro hac vice* pending)
1735 Market St., 51st Floor
Philadelphia, PA 19103
Tel.: (215) 665-8500
Fax: (215) 864-8999
safierp@ballardspahr.com