

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MODELLBAHN OTT HOBBIES, INC., D/B/A/ SUPREME HOBBIES,

    Plaintiff,

- against -

VELCRO USA, INC.; AMERICAN TOMBOW, INC.; RUBIKS BRAND, LTD.; MATTEL, INC.; KOALA TOOLS, LLC; YELLOW BRAND PROTECTION; and INCOPRO LIMITED.,

    Defendants.

20 Civ. 03526 (LLS)

OPINION & ORDER

    Plaintiff Modellbahn Ott Hobbies, Inc. brings claims against the above captioned defendants for defamation, defamation per se, and tortious interference with a contractual and/or business relationship. Defendants American Tombow, Yellow Brand Protection, Rubiks Brand, Mattel and Incopro move to dismiss the claims against them on various grounds.

    Defendants American Tombow, Yellow Brand, and Rubiks Brand's motions are granted.

    Pursuant to Rule 12(d), the Court converts defendants Mattel and Incopro's motion to dismiss on statute of limitations grounds into a motion for summary judgment, and will give the parties an opportunity to present materials pertinent to that motion, as detailed further below.

## BACKGROUND

    Plaintiff Modellbahn Ott Hobbies, Inc., doing business as "Supreme Hobbies", contracted with Amazon to sell goods to customers via Amazon.com. Compl. ¶¶ 13-15. Plaintiff acquired the products from Notions Marketing, an authorized distributor

of Velcro, American Tombow, Rubiks, Mattel and Koala Tools products. Id. ¶ 17-18.

Amazon has a report infringement system for addressing allegations of intellectual property infringement including counterfeit product allegations. Id. ¶ 16. Plaintiff alleges that the various defendants published intellectual property complaints with Amazon falsely alleging that the products plaintiff was selling were counterfeit. Id. ¶¶ 22-27. As a result of such complaints, Amazon terminated its contract with plaintiff. Id. ¶ 28.

**PERSONAL JURISDICTION**

Defendants Rubiks Brand and Yellow Brand Protection (the "Yellow Brand defendants") and defendant American Tombow move to dismiss the Second Amended Complaint for lack of personal jurisdiction.

> The Court must follow a two-step procedure to determine whether personal jurisdiction exists. First, the Court must decide whether a statutory basis for personal jurisdiction exists under the New York Civil Practice Law and Rules (the "C.P.L.R."). Second, if a statutory basis does exist, the Court must conduct a constitutional inquiry to determine whether the exercise of personal jurisdiction is consistent with the requirements of due process.

J.L.B. Equities, Inc. v. Ocwen Fin. Corp., 131 F. Supp. 2d 544, 547 (S.D.N.Y. 2001), following Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154 (1945).

"In deciding a motion to dismiss a complaint for want of personal jurisdiction, the district court may consider materials

-2-

outside the pleadings, including affidavits and other written materials." Jonas v. Est. of Leven, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012)(quotations and citations omitted). Factual doubts or disputes are to be resolved in the plaintiff's favor. See A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

## APPLICATION TO THIS CASE

### 1. Jurisdictional Facts

Defendant Yellow Brand is a Delaware corporation with its principal place of business in Dallas, Texas.[1] Leclerc Decl. ¶ 4. Yellow Brand has no offices in the state of New York. Id. ¶ 4. Yellow Brand has no employees, agents, or contractors in New York. Id. ¶ 6. Yellow Brand has no accounts with banks or other financial institutions headquartered in New York. Id. ¶ 7.1 Yellow Brand has no other assets, such as real estate, in New York. Id. ¶ 8. Yellow Brand has 9 active clients located in New York, as compared to 91 other United States clients based

---

[1] Plaintiff's Amended Complaint alleges that Yellow Brand's principal place of business is in New York. Compl. ¶ 2. Yellow Brand provides significant support to refute this allegation, and plaintiff offers no additional evidence to bolster its claim. Plaintiff's brief now only argues that Yellow Brand is "registered to do business" in New York and attaches Yellow Brand's New York business registration. See Pl. Br. at 6, Ex. A. But "a foreign corporation does not consent to general personal jurisdiction in New York by merely registering to do business in the state . . . .". Chufen Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 498-99 (2d Cir. 2020).

-3-

outside of New York. Id. ¶ 12.

Rubik's is a privately held UK corporation. Nfono Decl. ¶ 3. Rubik's only office is in London. Id. ¶ 5. Rubik's has no offices in the state of New York. Id. Rubik's has no employees, agents, or contractors in New York. Id. ¶ 6. Rubik's has no accounts with New York banks or financial institutions. Id. ¶ 7. Rubik's has no other assets, such as real estate, in New York. Id. ¶ 8. Goods produced under Rubik's authority are sold in the United States through distributors. Id. ¶ 10. It is possible to make direct purchases through Rubik's website, but Rubik's has made direct sales to only 10 customers located in New York, as compared to sales to 100 other United States customers based outside of New York. Id.

American Tombow is a Georgia corporation with its headquarters in Georgia. Hinn Decl. ¶ 3. It does not have any offices or employees in New York, own or rent any real estate in New York, or hold any bank accounts in New York. Id. ¶ 4.

### 2. Analysis

Pursuant to N.Y. C.P.L.R. § 301, "a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Thackurdeen v. Duke Univ., 130 F. Supp. 3d 792, 798-99 (S.D.N.Y. 2015), aff'd, 660 F. App'x 43 (2d Cir. 2016). The appropriate inquiry in determining whether a foreign

corporation is subject to general jurisdiction in a state is "whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" Daimler AG v. Bauman, 571 U.S. 117, 139 (2014)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011))(brackets in Daimler)(quoting Int'l Shoe Co., 326 U.S. at 317, 66 S. Ct. at 159). "The 'paradigm' forums in which a corporate defendant is 'at home,' we explained, are the corporation's place of incorporation and its principal place of business.". BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017).

Because the Yellow Brand defendants and defendant American Tombow are neither incorporated, nor have their principal place of business, in New York, they are not "at home" in the state as is required for an exercise of general jurisdiction over them. Nevertheless, if their conduct or property in New York is what gave rise to the claim, New York may have specific jurisdiction over them to adjudicate that claim.

Pursuant to N.Y. C.P.L.R. § 302, the Court may exercise specific jurisdiction over the defendants, but only if the cause of action arises from one of four specific kinds of contact with New York:

> (1) the transaction of any business within the state or contracts anywhere to supply goods or services in New York;
> (2) the commission of a tortious act within this state,

except as to a cause of action for defamation of character arising from the act;

(3) the commission of a tortious act without the state causing injury within the state, except as to a cause of action for defamation of character arising from the act, so long as the tortfeasor either (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services render, in New York or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

(4) the ownership, use, or possession of any real property within New York.

See N.Y. C.P.L.R. § 302(a)(1)-(4).

The only act alleged to have been committed by the Yellow Brand defendants and defendant American Tombow was the "publish[ing] [of] intellectual property complaints with Amazon against Plaintiff falsely alleging the products it was selling were counterfeit." Compl. ¶¶ 23-24. There are no allegations detailing how the issuance of the takedown notice has any nexus to New York or how it arises from defendants' minimal contacts with the state, establishing jurisdiction under Section 302(a)(1). There are no allegations suggesting the cause of action arose out of defendants' use or ownership of property in

the state. There are no allegations that the claimed defamatory statements were directed to any Amazon representatives located in New York, nor any allegations that the Philadelphia-based plaintiff suffered any injury in New York. Sections 302(a)(2)-(3) provide specific jurisdiction for torts that occur or cause injury in the state, but those sections exclude jurisdiction over causes of action for defamation. See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244-45 (2d Cir. 2007); see also Cantor Fitzgerald, L.P, v. Peaslee, 88 F.3d 152, 157 (2d Cir. 1996)("All of plaintiffs' claims are based upon [defendant]'s alleged defamatory statements. Plaintiffs may not evade the statutory exception by recasting their cause of action as something other than defamation.") (internal citations omitted).

Plaintiff does not allege facts sufficient to support a finding of either general or specific jurisdiction under the statute, and therefore an exercise of jurisdiction would be improper.

Because New York's long-arm statute does not permit the Court to exercise personal jurisdiction over the Yellow Brand defendants or defendant American Tombow, the Court need not analyze whether an exercise of jurisdiction would comport with due process requirements. See Best Van Lines, Inc., 490 F.3d at 244 ("If jurisdiction is statutorily impermissible, of course, we need not reach the question of its constitutionality.").

# STATUTE OF LIMITATIONS

Defendants Incopro Limited and Mattel Inc. move to dismiss the complaint on the basis that the claims are barred by the statute of limitations.

Under New York law, defamation claims are subject to a one-year statute of limitations. See N.Y. C.P.L.R. 215(3); McKenzie v. Dow Jones & Co., 355 F. App'x 533, 535 (2d Cir. 2009). "New York courts have consistently held that claims ostensibly based on intentional interference with advantageous and contractual relations, but which in fact are based solely on damage to the pleader's reputation, are to be treated as defamation claims", and as such, are governed by the same limitations period. Abshier v. Sunset Recordings, Inc., No. 14 CIV. 3227 CM SN, 2014 WL 4230124, at *9 (S.D.N.Y. Aug. 5, 2014). Merely including allegations of financial injury is insufficient to "recast a claim for defamation as a claim for tortious interference." Lesesne v. Brimecome, 918 F. Supp. 2d 221, 226 (S.D.N.Y. 2013).

Plaintiff alleges that "By publishing the defamatory statements to Amazon as alleged herein, the Defendants intended to curtail, affect, or interrupt the working relationship of trust between Plaintiff and Amazon" and that "As a result of Defendants' false counterfeit complaints published, Amazon terminated its contract with Plaintiff causing Plaintiff to suffer significant damages." Those claims involve the same underlying false and defamatory statements and the injuries all

stem from the resulting damage to reputation. Accordingly, the tortious interference claim is governed by the same one-year limitations period. See Beter v. Murdoch, No. 17 CIV. 10247 (GBD), 2018 WL 3323162, at *7 (S.D.N.Y. June 22, 2018), aff'd, 771 F. App'x 62 (2d Cir. 2019); see also Lesesne, 918 F. Supp. 2d at 225 (applying one year limitations period where "the gravamen of these claims is that these false statements injured the Plaintiffs by damaging [their] professional reputation").

The claims accrue when the alleged statement was originally published. See Kamdem-Ouaffo v. Pepsico, Inc., 160 F. Supp. 3d 553, 571 (S.D.N.Y.), aff'd, 657 F. App'x 949 (Fed. Cir. 2016). The date of the statement's publication is in dispute. Paragraph 27 of the Amended Complaint states, "On May 7, 2019, Defendant Mattel's authorized agent, IncoPro, published intellectual property complaints with Amazon against Plaintiff falsely alleging the products it was selling were counterfeit. (Communications attached as Exhibit F.)." Exhibit F, however, is an undated communication between plaintiff and an Amazon representative that appears to discuss the allegedly defamatory report from the Incopro defendants. It is not the take-down notice itself and has no date to support plaintiff's allegation that it occurred on May 7, 2019, exactly one year before the Complaint was filed.

Defendants suggest that the statement at issue in fact occurred well before May 7, 2019. See Slaughter Decl., Ex. 1, a

communication in which plaintiff represents to defendant that its "false claim has caused our Amazon account to be suspended since March 30, 2019." Logically, the offending statement would have occurred before that date, and plaintiff's complaint would be untimely.

That exhibit, while outside the pleadings, is germane to the issue of when the statement was published. Where, as here, the Court on a motion to dismiss is presented with matters outside the pleadings, it may exclude the materials or convert the motion to one for summary judgment. See Timperio v. Bronx-Lebanon Hosp. Ctr., 384 F. Supp. 3d 425, 430 (S.D.N.Y. 2019) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002)). "Federal courts have complete discretion to determine whether ... to convert [a] motion [to dismiss] to one for summary judgment." Id. (internal citations and quotation marks omitted)(alterations in original).

The Court will exercise its discretion to convert defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the single issue of whether the case is barred by the statute of limitations. In accordance with Federal Rule of Civil Procedure 12(d), the parties will be given a reasonable opportunity to present all material pertinent to the motion.

Given the likelihood that information relevant to establishing the date of publication of the allegedly defamatory

statement is in the parties' possession and easily discoverable, defendants shall have thirty (30) days to submit any additional evidence or argument in support of dismissal on statute of limitations grounds. Following defendants' submission, plaintiff shall have two weeks to file its opposition, and defendants will have one week to file their reply.

## CONCLUSION

The claims against defendants American Tombow, Yellow Brand, and Rubiks Brand are dismissed without prejudice for lack of jurisdiction.

Defendants Incopro and Mattel's motion to dismiss will be converted to a motion for summary judgment, pursuant to the above schedule. Consideration of the additional defenses is deferred pending the Court's determination of that motion.

So Ordered.

Dated:   New York, New York
         May 20, 2021

                                                    */s/ Louis L. Stanton*
                                                    Louis L. Stanton
                                                        U.S.D.J.